## COMPANIA MARITIMA TRANSOCEANICA, S. A. v. OCEAN FREIGHTING & BROKERAGE CORPORATION et al.

United States District Court
S. D. New York.
April 13, 1950.

**130**

Kevie Frankel, New York City, for plaintiff.

Dow & Symmers, New York City, John R. Sheneman, New York City, for defendant Costa Gratsos.

Foley & Statt, New York City, Milton James, New York City, for defendants Ocean Freighting and Brokerage Corporation and T. J. Stevenson and Co., Inc.

McGOHEY, District Judge.

For the third time defendants move to dismiss because the complaint does not comply with the Federal Rules of Civil Procedure, 28 U.S.C.A., although the plaintiff has twice been ordered to amend in conformity therewith.

The action appears to be for breach of contract, although by whom or in what manner or, indeed, of what contract, it is impossible to learn from reading this second amended complaint. Two other Judges of this court had similar difficulties with its predecessors. The original complaint was served on August 4, 1949. The defendants' motion for a more definite statement, as provided in Rule 12(e), was granted, and the order entered on September 19, 1949 specified with particularity the defects to be corrected and the details to be furnished. Thereafter, on October 27, 1949, the first amended complaint was served and it, too, on motion, was ordered on January 20, 1950 to be amended within twenty days, under penalty of dismissal because, as the court found, it failed to comply with the order of September 19. Now we have under consideration the plaintiff's third effort.

The only substantial difference in this second amended complaint is a new and additional cause of action. After realleging all the paragraphs of the first cause of action, the second, in one long and confusing paragraph, charges fraud, conspiracy, conversion and wrongful interference with a business. The court's previous orders have clearly been breached in pleading the first cause of action in this new complaint, and the second cause of action certainly ignores them. The plaintiff apparently just will not obey the rules or the court's orders, despite the provision in the order of January 20, 1950 directing dismissal of the complaint unless the court's directions of September 19 were complied with.

All the infirmities of the original complaint are manifest in this second cause of action and the history of this case gives no basis for hope that they will ever be removed. Indeed, it seems quite clear that the second cause of action was inserted merely as a device to circumvent the two previous orders and to lay a basis for the argument which is now urged that the second cause of action, being pleaded now for the first time, cannot be dismissed without opportunity for one amendment under Rule 15(a).

Under this theory the plaintiff could flout not only Rule 12(e) but also the orders of this court for as long as ingenuity can suggest more causes of action. This would surely not promote the efficient and speedy determination of issues. That is the underlying purpose of the Federal Rules of Civil Procedure, which are to be applied not as a set of isolated precepts but a harmonious whole. Disproportionate emphasis therefore may not be prudently accorded to one rule in disregard of another which comes into operation. United States v. Ass'n of American Railroads, D.C. Neb, 4 F.R.D. 510, 529. This plaintiff already has had two opportunities to amend in accordance with specific directions. Having ignored those directions, he will not now be allowed to use Rule 15(a) to nullify Rule 12(e), which makes clear that a litigant may not "remain in court on a mere pleading generality without some indication that he has substance to back it up." Clark, Experience Under the Amendments to the Federal Rules of Civil Procedure, 1950 Rev.Ed., Federal Rules of Civil Procedure and New Title 28 U.S.Code, p. 6.

The separate motions of each defendant to dismiss the complaint are therefore granted. Submit orders.