496

LILLIE S. MAYER,
Plaintiff,

*vs.*

KENNETH S. ADAMS, H. M. ADDINSELL, F. W. BEGRISCH, T. S. GAY,
P. J. PARKER, PAUL ENDACOTT, RAYBURN L. FOSTER, A. M.
HUGHES, J. L. JOHNSTON, W. W. KEELER, H. E. KOOPMAN,
STANLEY LEARNED, C. R. MUSGRAVE, PHILLIP R. PHILLIPS,
W. C. SMOOT, B. F. STRADLEY, R. W. THOMAS, G. P. DIMIT,
DON EMERY, G. G. OBERFELL, F. E. RICE, CHARLES A. LEMP,
EUGENE E. DUPONT, PHILLIPS PETROLEUM COMPANY, KEN-
NETH S. ADAMS, JR., and ADA OIL COMPANY, INC.,
Defendants.

*New Castle, January 31, 1961.*

*Daniel O. Hastings* and *Clarence W. Taylor,* of Hastings, Taylor
& Willard, Wilmington, for plaintiff.

*Robert H. Richards, Jr.,* and *Stephen E. Hamilton, Jr.,* of Rich-
ards, Layton & Finger, Wilmington, for Phillips Petroleum Co. and
all individual defendants other than Eugene E. DuPont, Charles A.
Lemp and Kenneth S. Adams, Jr.

*James M. Tunnell, Jr.,* and *William S. Megonigal, Jr.,* of Morris,
Nichols, Arsht & Tunnell, Wilmington, and Vinson, Elkins, Weems
& Searls, Houston, Tex., for defendant, Ada Oil Co., Inc.

MARVEL, Vice Chancellor: On May 15, 1958, the Supreme Court
of Delaware filed its mandate[1] reversing the judgment[2] of this Court,

1. In conformity with opinion reported in 141 *A.2d* 458.
2. Entered pursuant to opinion reported in 135 *A.2d* 119.

which had granted motions to dismiss the complaint in toto on the grounds that plaintiff had failed to meet the procedural requirements of *Rule* 23(b), *Del.C.Ann.*, and remanded the cause. On July 3, 1958, an order vacating such judgment of dismissal was entered and various undisposed-of motions of the appearing defendants were brought to the Court's attention. On reconsidering these applications I denied the motions to strike, reserved decision on the 12(b) (6) motions, but granted defendants' motion for a more definite statement because as I then stated in a letter opinion "* * * Not only the defendants but the Court must have more precise information on dates, places and events in order to be able to decide to what extent plaintiff has stated causes of action cognizable in this Court for the periods covered in the complaint * * *."

In order to enable plaintiff to furnish such information an order was entered granting plaintiff leave "* * * to file limited interrogatories to obtain precise information on dates, places and events for the purpose of filing a more definite statement in respect to paragraphs 13, 14, 15 and 16 of the complaint."

At the same time paragraph 10(f)[3] of the complaint was stricken because of its immateriality; the appearing defendants were relieved until further order of any duty to reply to plaintiff's all-encompassing interrogatories of August 17, 1956, and such defendants were given a period of thirty days after the filing of a more definite statement within which to move, answer or otherwise defend.

Plaintiff, having filed interrogatories which purported to conform to the terms of this Court's order of October 7, 1958, objections thereto were taken to most of them, and after argument a letter opinion was filed on April 10, 1959 in which the suggestion was made that the case might move along more rapidly were plaintiff to observe the interlocutory discovery limits set by the Court. The letter concluded by stating that defendants' objections to all unanswered pending interrogatories would be sustained, and an appro-

---

3. A general clause attacking transactions allegedly injurious to Phillips Petroleum Company "the precise nature of which are unknown to plaintiff."

priate order was thereafter entered. However, instead of pursuing such a course of limited discovery plaintiff elected to move for leave to file an amendment to her complaint, a motion which was not opposed, and such amendment was duly filed as of June 18, 1959.

The appearing defendants thereupon embarked on a course of discovery not here directly relevant and at the same time filed refurbished and elaborated motions attacking the adequacy of the present complaint. These motions, which are now before the Court for decision, may be summarized as follows: (1) that the complaint as amended should be dismissed because its allegations do not affirmatively show that Kenneth S. Adams actually dominated or controlled the other directors of Phillips Petroleum Company and that the transactions of which complaint is made are protected by the business judgment rule; (2) that whether or not the business judgment rule is applicable the transactions under attack are of such a nature as to be subject to ratification by stockholders and an attack on them accordingly must be preceded by a demand on stockholders as required by Rule 23(b); (3) that the obtaining of relief in the matters complained of is barred by the statute of limitations and laches inasmuch as the original complaint which was filed on April 23, 1956 complains of matters allegedly dating from "* * * since in or about the year 1947 * * *" and what is sought is essentially damages or relief of a legal rather than equitable nature; (4) that substantial parts of the complaint should be stricken because of their vagueness and uncertainty, particularly as to dates, places and events, or alternatively that plaintiff be required to file a more definite statement as to such parts of her pleadings so that the moving defendants may be able to respond thereto; (5) that in any event the complaint should be dismissed as to those directors who ceased to serve on the board of Phillips Petroleum Company more than three years prior to the filing of the original complaint; (6) that paragraph 12 of the complaint which alleges on information and belief that Kenneth S. Adams is "* * * directly or indirectly, beneficially the owner of a portion of the capital stock of defendant Ada * * *" be stricken in view of sworn denials of such charge in answers to interrogatories filed by plaintiff.

Turning to the complaint as amended it appears that the first nine paragraphs of the complaint (including a revised paragraph 8 designed to satisfy the demand on stockholders requirement of Rule 23(b)) remain as before. Paragraph 10 on the other hand has been expanded so as to cover numerous specific types of alleged favored treatment of Ada at Phillips' expense. Paragraph 11 has been slightly broadened, and the conspiracy charge originally contained in paragraphs 13 through 16 has been entirely eliminated. These paragraphs have been rewritten so as to amplify the element of alleged domination and control of the other directors of Phillips by Kenneth S. Adams it being stated therein (a) that Kenneth S. Adams as president and chairman of the board dominated and controlled the other directors, the majority of whom were employed by Phillips; (b) that such domination and control arose from such other directors' close personal relationship with Kenneth S. Adams, such directors having "* * * relied upon and accepted the decisions, judgments, and recommendations of defendant Kenneth S. Adams without exercising their own informed and independent judgment with respect to the said matters and transactions * * *," and (c) that such directors have benefited from the transactions complained of in that as a quid pro quo for their acquiesence to the favoring of Ada they have received from "* * * Phillips favorable treatment and continued and improved positions and salaries and other benefits at the hands of their superior, defendant Kenneth S. Adams."

The substantive portion of the complaint as amended concludes with a new count charging the alleged improper use of labor and materials of Phillips Petroleum Company on a ranch in Oklahoma owned by Mr. Adams, such acts having resulted again because of Adams' alleged domination and control of the Phillips Petroleum Company board.

Finally, there is added to the prayers of the original complaint (prayers which had sought an accounting from the defendants charged with wrongdoing, the impressing of a trust on all moneys or properties received by them in the course of or as a result of the transactions complained of, as well as damages, and rescission) a prayer asking that a trust be impressed upon Adams' ranch to the

extent it was improved and developed at the expense of Phillips Petroleum Company.

In paragraph 8 of the original complaint as first amended the facts excusing a demand on stockholders were stated to be domination and control of the board by Adams; that the wrongs complained of were not of such character that they could be ratified by a majority of the stockholders of the corporation, and that "* * * any attempted ratification would be ultra vires, illegal, contrary to public policy and would constitute a fraud upon the minority stockholders of the corporation and would unlawfully deprive the corporation of its property and assets."

In disposing of the issue raised on appeal in this case, namely the applicability of the demand on stockholders requirement of Rule 23(b) to plaintiff's cause, the Supreme Court stated: [141 *A.2d* 460].

"In the view we take of the case, the issue between the litigants narrows itself to this:

"If the grounds of the derivative suit is fraud, is demand for stockholder action necessary under the rule?"

Later in such opinion in considering the separate motion to dismiss as to the directors who had ceased to be on the board more than three years before the suit was brought, the Supreme Court, after quoting the allegations then set forth as paragraphs 14, 15 and 16, stated:

"These allegations impress us as vague. They leave uncertain the extent to which the directors, other than the two Adamses, are charged with profiting by or participating in the alleged fraud.

"The prayers for relief are also in very general terms, some asking equitable relief and some legal relief.

"A motion of Phillips and the defendant directors for more specific allegations, directed to all or some of the paragraphs of the complaint charging fraud and conspiracy, is pending and undetermined. Until precise facts shall have been developed by pleading

or proof, showing the precise nature of the wrongs charged against these four directors, it is neither feasible nor desirable for this Court to deal with the question of the application of the statute of limitations. Any attempt to do so would involve us in conjectural interpretations of the complaint."

While this language was, of course, directed to the motions on behalf of the four directors in question, it applies to the complaint as a whole and raises the question of how, if at all, the present complaint corrects the pleading defects noted by the Supreme Court.

What plaintiff has done is first to eliminate a charge of conspiracy between Kenneth S. Adams and his son, a conspiracy allegedly ratified by the director defendants. In lieu thereof she has amplified the allegations as to domination and control of the Phillips board by Kenneth S. Adams, stressing, as noted above, the effect of personal relationships between Adams and the other directors on such other directors' independent thinking as well as the job benefits and the like allegedly inuring to such other directors in return for their subservience to Mr. Adams. However, no cogent facts are alleged which would tend to give substance to plaintiff's bare conclusory allegations of domination and control. No charge is made that Kenneth S. Adams is directly or indirectly in control of a significant number of shares of Phillips Petroleum Company or that he was otherwise in a position which enabled him to "select" the Phillips board or even that because of specific business or professional relationships one or more of the Phillips Petroleum Company directors were beholden to Adams. Compare *Greene v. Allen,* 35 *Del.Ch.* 242, 114 *A.2d* 916.[4] See also *Loft, Inc. v. Guth,* 21 *Del.Ch.* 361, 191 A. 879, 881, in which the Court stated at the pleading stage preliminary to ruling on pending interrogatories that the "* * * gravamen of the bill is that Guth while he was the president and

4. In the complaint filed in this case it was alleged that the defendant Odlum owned and controlled sufficient amounts of the stock of Airfleets, Inc. "to constitute working control", and by reason thereof he " * * * selected the directors and officers and dominates and controls the management, personnel and business policies of Airfleets, Inc." These allegations were denied. After trial the Chancellor found the Airfleets board to be " * * * a one-man board—an Odlum board."

controlling influence in Loft * * *" (an influence alleged to be apparent inter alia in Guth's use of Loft's facilities for the development of Pepsi Cola for Guth's benefit) "* * * caused a certain very desirable business proposition * * *" to be diverted to himself. After trial the Chancellor stated in *Loft Inc. v. Guth*, 23 *Del.Ch.* 138, 2 *A.2d* 225, 237, that the evidence sustained a finding that "* * * Guth was in control of Loft. He selected every one of its directors. * * * It is impossible for me to escape the conclusion that Guth was in an unquestioned position of dominance in the affairs of Loft. He had won control of the corporation after an intense and bitter contest for proxies from the stockholders in March of 1930."

In *Eshleman v. Keenan*, 21 *Del.Ch.* 259, 187 *A.* 25, the fradulent action complained of was that the defendants, Keenan, Brewer and Marvin, by reason of their absolute control of two corporations were able to cause double compensation to be paid to them. The complaint of stockholders of Sanitary Company of America successfully sought the return to such corporation of compensation thus wrongfully appropriated from its treasury.

Had this action been filed promptly, the allegations of the present complaint could possibly withstand attack notwithstanding the requirements of Rule 9(b) on the theory that the factual details of fraud could be developed at trial without substantial prejudice to defendants, but because of the extreme staleness of plaintiff's claim I do not believe that the moving defendants can properly be deprived of their right to rely on the salutary principles expressed in *Henis v. Compania Agricola de Guatemala*, D.C.Del., 116 *F.Supp.* 223, and *Glassberg v. Boyd*, 35 *Del.Ch.* 293, 116 *A.2d* 711, at least until plaintiff has alleged facts which would take the case out of the rule expressed in such cases.

The rule of *Bovay v. H. M. Byllesby & Co.*, 27 *Del.Ch.* 381, 38 *A.2d* 808, 820, 174 *A.L.R.* 1201, does not permit a disregard of the concurrent jurisdiction principle and the consequent denial to a defendant of the benefit of the statute of limitations in all cases of director wrongdoing. In the cited case, one involving charges that Byllesby and Company after organizing Vicksburg Bridge & Terminal

Company, through control of the corporation's officers in effect stole over a million dollars of the bridge company's assets and otherwise effectively contributed to its destruction as a corporate entity, the Supreme Court of Delaware determined that the wrongful acts charged in the amended complaint constituted breaches of an imputed trust not protected by the statute of limitations, such acts being those "* * * by which they (corporate officers and directors) have enriched themselves to the injury of the corporation * * *" The Court went on to say that in such circumstances "* * * a court of conscience will not regard such acts as mere torts, but as serious breaches of trust, and will point the moral and make clear the principle that corporate officers and directors, while not in strictness trustees, will, in such case, be treated as though they were in fact trustees of an express and subsisting trust, and without the protection of the statute of limitations, especially where insolvency of the corporation is the result of their wrongdoing."

The extreme acts complained of in the *Bovay* case were noted by Judge John Biggs, Jr. in his dissent to the majority of the Court's views on the applicability of the statute of limitations in *Overfield v. Pennroad Corporation, 3 Cir., 146 F.2d* 889, Judge Biggs drawing an analogy between the financial straits of the bankrupt bridge company in *Bovay v. H. M. Byllesby & Co.* and the disaster which had come to pass in Pennroad's affairs as a result of wrongful director action.

In *Schleiff v. Baltimore & Ohio Railroad Co., 36 Del.Ch.* 342, 130 *A.2d* 321, 331, the Chancellor stated:

> "The Court in *Bovay v. H. M. Byllesby & Co.* held the statute of limitations inapplicable because of the special circumstance that the alleged wrongful acts were committed by the officers and directors against the corporation for whose benefit the action was maintained. The Court held that a trust arose in favor of the corporation and consequently the statute was not a bar. By way of distinction it may be noted that this is not a case of the officers of B & O benefiting at the expense of the corporation."

Later in his opinion in which he declined to apply the Bovay rule he added:

> "Certainly the Bovay case, for limitations' purposes, makes corporate officials trustees where they have diverted corporate assets."

Rule 9(b) of this Court requires that "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity * * *," a rule which has special force in a case in which to be successful plaintiff must establish that the director defendants because of serious breaches of trust committed under special circumstances must be treated as trustees deprived of the protection of the statute of limitations, and while the allegations in *Greene v. Allen, Loft v. Guth* and *Eshleman v. Keenan* were perhaps of this type, I am satisfied that plaintiff's complaint as amended fails to state such a cause of action.

It is regrettable that more than two and one half years after reversal of this Court's judgment of dismissal plaintiff's complaint is as subject to conjectural interpretation as it was at the time of such appeal, but it is plaintiff who must bear the onus for this situation having failed to redraft her complaint in a form that would make it stand up to the obvious objection of lateness. If plaintiff cannot in good faith draft a complaint which will measure up to what is required in a case of director wrongdoing governed by the principle of *Bovay v. H. M. Byllesby & Co.,* then the complaint as amended must be dismissed on the grounds of statute of limitations at least as to all transactions occurring before the dates on which the bar arises. But compare Glassberg v. Boyd, supra.

However, because plaintiff has apparently misconstrued the rulings made by the Court after remand I shall give her a further opportunity by way of a more definite statement to state a cause of action to which defendants may be required to answer. If plaintiff is able to bring her case within the rule of *Bovay v. Byllesby* the actions complained of are obviously not protected by the business judgment rule and are also beyond ratification by the stockholders, *Ballantine on Corporations,* § 146, p. 346.

The motions of Phillips Petroleum Company and certain of the individual defendants for a more definite statement of designated paragraphs and to strike paragraph 12 of the complaint as amended will be granted. In the meantime action on the other pending motions will be held in abeyance.

Order on notice.