LILLIE S. MAYER,
Plaintiff, Appellant,

*vs.*

KENNETH S. ADAMS, H. M. ADDINSELL, F. W. BEGRISCH, T. S. GAY, P. J. PARKER, PAUL ENDACOTT, RAYBURN L. FOSTER, A. M. HUGHES, J. L. JOHNSTON, W. W. KEELER, H. E. KOOPMAN, STANLEY LEARNED, C. R. MUSGRAVE, PHILLIP R. PHILLIPS, W. C. SMOOT, B. F. STRADLEY, R. W. THOMAS, C. P. DIMIT, DON EMERY, G. G. OBERFELL, F. E. RICE, CHARLES A. LEMP, EUGENE E. DU PONT, PHILLIPS PETROLEUM COMPANY, KENNETH S. ADAMS, JR., and ADA OIL COMPANY, INC.,

Defendants, Appellees.

*Supreme Court, On Appeal, October 17, 1961.*

*Daniel O. Hastings* and *Clarence W. Taylor,* of Hastings, Taylor & Willard, Wilmington, for appellant.

*James M. Tunnell, Jr.* and *William S. Megonigal, Jr.,* of Morris, Nichols, Arsht & Tunnell, Wilmington, for appellee Ada Oil Co.

*Robert H. Richards, Jr.* and *Stephen E. Hamilton, Jr.,* of Richards, Layton and Finger, Wilmington, for appellee Phillips Petroleum Co. and remaining appearing defendants.

SOUTHERLAND, Chief Justice, WOLCOTT, Justice, and CAREY, Judge, sitting.

SOUTHERLAND, Chief Justice: This is a minority stockholder's suit against directors of Phillips Petroleum Company and Ada Oil Company seeking relief for alleged wrongs against Phillips committed by defendants.

For an understanding of the questions raised by this appeal, a somewhat detailed history of this litigation is required.

The complaint was filed April 23, 1956. Motions to dismiss, or to strike, or to make the allegations more definite and certain, were promptly filed. One ground in support of the motions to dismiss was failure to comply with the requirements of *Rule* 23(b), *Del.C.Ann.,* requiring a statement of efforts made by plaintiff to secure action from the directors and stockholders. These motions were ultimately granted on the latter ground, the Vice Chancellor holding that the allegations of the complaint were insufficient to excuse plaintiff's failure to make efforts to secure stockholder action. See opinion of June 14, 1957, 36 *Del.Ch.* 466, 133 *A.2d* 138. Plaintiff appealed. We reversed, holding that if the complaint charged fraud, no demand upon stockholders was necessary. 37 *Del.Ch.* 298, 141 *A.2d* 458.

We also considered a contention of defendants that in any event the statute of limitations barred any action against four of the

directors who had not been members of the board during the three years prior to the filing of the suit. Defendants' contention was that no actual fraud was charged, and hence the case was in the concurrent jurisdiction of law and equity, and the statute of limitations applied. Plaintiff insisted that *Bovay v. Byllesby & Co., 27 Del.Ch.* 381, 38 *A.2d* 808, 174 *A.L.R.* 1201, applied because the directors were guilty of fraud.

We did not resolve this question. We pointed out that the complaint, as to these directors, was uncertain and ambiguous. We noted that a defendants' motion to require more specific allegations was pending, and said:

"Until precise facts shall have been developed, by pleading or proof, showing the precise nature of the wrongs charged against these four directors, it is neither feasible nor desirable for this Court to deal with the question of the application of the statute of limitations. Any attempt to do so would involve us in conjectural interpretations of the complaint." 141 *A.2d* 467.

After our opinion came down defendants on July 3, 1958 filed amended motions to strike or for a more definite statement. On July 15 the Vice Chancellor filed a memorandum granting the motions. He said:

"Not only the defendants but the Court must have more precise information on dates, places and events in order to be able to decide to what extent plaintiff has stated causes of action cognizable in this Court for the periods covered in the complaint."

On October 7th he entered an order providing in part:

"(1) The plaintiff may file limited interrogatories to obtain precise information on dates, places and events for the purpose of filing a more definite statement in respect to paragraphs 13, 14, 15 and 16 of the Complaint as hereinafter provided.

"(2) Upon the answers to interrogatories filed pursuant to paragraph (1) hereof, plaintiff shall file a more definite state-

ment in respect to paragraphs 13, 14, 15 and 16 of the Complaint."

On November 25 plaintiff filed numerous interrogatories addressed to various defendants, and on January 16, 1959, defendants filed objections.

On April 10th the Vice Chancellor filed a letter opinion. Referring to his order of October 7th he noted that leave to file interrogatories had been granted for the narrow purpose of assisting plaintiff to file a more definite statement of claim; and that he had granted such leave over vigorous objections because "it seemed a sensible way to get at a critical element in the case, namely, the timeliness of plaintiff's suit * * *". He ruled that plaintiff, misconceiving the scope of his ruling, had filed numerous interrogatories designed to build up evidence for trial. He said:

"What the Court is interested in at this juncture is the fixing of dates, places, and events so that the sufficiency of the complaint as a pleading may be tested. Defendants should not be subjected to pre-trial discovery until it appears that they must go to trial."

Conceding that some of the interrogatories were within the scope of his order, he left it to the plaintiff to select them. He said:

"If plaintiff will revise and limit her interrogatories so that they fall within the narrow limits fixed in the Court's order of October 7, 1958, this long-pending case, which complains of action dating back to 1947, will move along more rapidly."

On April 21st he entered an order sustaining the objections to the interrogatories.

We interrupt this chronology to comment that the privilege accorded to plaintiff of using discovery to assist in drafting a complaint was an unusual one, and we see no reason why plaintiff should not have complied with the Vice Chancellor's suggestion and pressed for answers to the interrogatories directed to the limited issues delineated by the court. But the plaintiff instead of so doing elected to start afresh.

On June 11th plaintiff filed an amended complaint. The list of alleged wrongful acts (or, rather, types of such acts) was expanded, and a charge of conspiracy was eliminated. But the amended complaint is, in our opinion, subject to the same objections of vagueness in the charges of the alleged fraud, and of ambiguity in respect of participation of the directors therein. Paragraph 12, as in the former complaint, alleged ownership of Ada stock by Kenneth S. Adams, the alleged dominating director of Phillips, but evidence adduced disclosed no such ownership.

On July 17th the defendants (as might have been expected) filed motions to dismiss, to strike, and for a more definite statement of claim. One of the grounds of the motion to dismiss was the failure to comply with the provisions of *Rule* 23(b).

After a long delay the motions were argued on October 27, 1960. On January 31, 1961, the Vice Chancellor filed his opinion, 39 *Del.Ch.* 496, 167 *A.2d* 729. He recited briefly the proceedings above outlined and, in effect, came to the following conclusions:

(1) That the allegations respecting domination and control of the Phillips Company were insufficient.

(2) That because of the staleness of the claims the defendants were entitled to the factual details of the alleged frauds, since, if the suit was to recover monetary damages within the concurrent jurisdiction of equity, they had the right to rely on the defense of the statute of limitations. *Glassberg v. Boyd*, 35 *Del.Ch.* 293, 116 *A.2d* 711.

(3) That the amended complaint failed to comply with *Rule* 9(b) requiring fraud to be pleaded with particularity, and hence failed to state a cause of action based on such actual fraud as makes directors liable as express trustees within the rule of *Bovay v. Byllesby, supra.*

He indicated that if plaintiff could not state such a cause of action, it would have to be dismissed at least as to transactions occurring prior to the date when the bar of the statute of limitations arose. However, he gave the plaintiff a further opportunity by way of a

more definite statement to state a cause of action which defendants might be required to answer. He accordingly granted the motions "for a more definite statement of designated paragraphs", *i.e.*, paragraphs 10 to 16 inclusive and 26 to 29 inclusive.

An argument followed upon the form of the order. On April 14, 1961, the order appealed from was entered. It provides:

(1) Paragraph 12 of the Complaint is stricken. (This is the charge that Kenneth S. Adams of Phillips owned stock in Ada.)

(2) The Phillips defendants' motion for a more definite statement of the designated paragraphs is granted.

(3) Plaintiff may file an amendment to the Complaint within 60 days.

(4) If such amendment be not filed the Complaint shall without further notice be dismissed with prejudice.

Plaintiff elected not to amend the complaint, and this appeal followed.

Plaintiff assails the Vice Chancellor's findings and his order in several respects, but at bottom her real point is that the complaint on its face charges frauds by corporate fiduciaries within the rule of *Bovay v. Byllesby, supra*. Such an action, says plaintiff, is not barred by the statute of limitations, and it was therefore error to compel plaintiff to supply facts touching an inapplicable issue.

Does the amended complaint charge fraud of the kind found in the *Byllesby* case, *i.e.*, a case in which directors profit financially at the expense of their corporation?

We think not. Plaintiff makes a somewhat elaborate argument in support of her contention, but it is quite unconvincing. The important charges of wrong-doing are set forth in Paragraph 10 of the amended complaint. One is immediately struck by the absence of any allegations that any director of Phillips personally profited from any self-dealing with Phillips or with a Phillips subsidiary. The charges concern dealings between two corporations independent of

each other. The attempt to show that Kenneth S. Adams, Sr. was financially interested in Ada failed. No presumption of fraud arises from the fact that his son is President of Ada. Plaintiff cites cases in support of her claim that she has charged fraud, *e.g., Eshleman v. Keenan,* 21 *Del.Ch.* 259, 187 *A.* 25, 28; *Guth v. Loft, Inc.,* 23 *Del.Ch.* 255, 5 *A.2d* 503; and *Johnston v. Greene,* 35 *Del.Ch.* 479, 121 *A.2d* 919. These all concern unlawful profits made by dominating directors from self-dealing with their own corporations. Nothing of that sort appears in the allegations of the amended complaint setting forth the dealings with Ada. The allegations of the amended complaint are more consistent with charges of negligence or bad judgment than with fraud. As above stated, this Court noted the vagueness of similar allegations in the original complaint, so far as concerned the four directors who left Phillips before 1953. The Vice Chancellor found the same vagueness in all the charges of the alleged fraud with respect to all the directors, and we think he was right.

█ The importance of the point in this case is clear. If the complaint charges the directors with mere negligence or grossly bad judgment, the case falls within the concurrent jurisdiction of equity and the statute of limitations bars any recovery in respect of any transaction occurring before the date when the bar arose.

Moreover, in such a case the provisions of *Rule* 23(b) might require a demand on stockholders before suit could be brought.[1] We expressly recognized in our opinion on the first appeal (141 *A.2d* 465) that there are some cases in which such a demand is necessary. The defendants' motions raised the point. Clearly, clarification of the allegations of the complaint was required before the court below could deal properly with the questions raised by defendants.

The Vice Chancellor's first opinion on the point, quoted above, correctly stated what was needed: "more precise information on dates, places and events * * *".

---

1. The requirement of a demand, if necessary, from stockholders, was eliminated by order of the Chancellor of April 27, 1961; but only as to actions begun after that date.

We may add that this observation applies as well to the vague charges in paragraph 26 relating to a ranch in Oklahoma owned by Kenneth S. Adams.

We are of opinion that the Vice Chancellor's holding that the plaintiff must allege the charges with greater particularity was correct.

In reaching this conclusion we have assumed, without deciding, that the allegations of the complaint that Kenneth S. Adams was the dominating director of Phillips are sufficient.

Plaintiff's principal argument against the Vice Chancellor's orders for greater particularity runs as follows:

The complaint meets with all the requirements of "notice pleading", and is not subject to dismissal if any set of facts could be proved under it entitling plaintiff to relief. *Morgan v. Wells,* 32 *Del.Ch.* 108, 80 *A.2d* 504. Mere vagueness does not justify dismissal. *Morgan v. Wells, supra.*

■ This argument misses the point of this case. Although vagueness alone does not warrant dismissal of the action it may be attacked by a proper motion under the rules. Especially is this so when plaintiff asserts fraud. That is what happened here. Not once, but three times the plaintiff has been ruled to state her charges of fraud with particularity, as required by *Chancery Rule* 9(b). She has failed to do so. It is this failure which is the ground for dismissal. What plaintiff is really complaining about, as appears from her reply brief, is the drastic sanction of dismissal for failure to comply with the Vice Chancellor's orders. But *Rule* 12(a) itself contemplates sanctions, drastic if necessary. See *Package Machinery Co. v. Hayssen Mfg. Co.,* 7 *Cir.,* 266 *F.2d* 56, and *Compania Maritima Transoceanica, S. A. v. Ocean Freighting & Brokerage Corporation, et al., D.C.,* 10 *F.R.D.* 129, 131. The Court's remarks in the latter case are pertinent here:

> "This plaintiff already has had two opportunities to amend in accordance with specific directions. Having ignored those directions, he will not now be allowed to use *Rule* 15(a) to

nullify *Rule* 12(e), which makes clear that a litigant may not 'remain in court on a mere pleading generality without some indication that he has substance to back it up.' Clark, *Experience Under the Amendments to the Federal Rules of Civil Procedure,* 1950 *Rev.Ed., Federal Rules of Civil Procedure and New Title* 28 *U.S.Code,* p. 6."

It is reasonably clear that the indications in this case are that the plaintiff had no substance to back up her allegations. To a long series of interrogatories propounded to her by Ada, designed to compel her to specify the details of the alleged wrongs committed in the dealings between Phillips and Ada, she, in effect, admitted that she had no knowledge of what had happened.

We think that the Vice Chancellor did not abuse his discretion in imposing on plaintiff the extreme sanction of the rules of procedure.

Plaintiff's final point is that Paragraph 12 of the complaint should not have been stricken. This is the paragraph alleging on information and belief that Kenneth S. Adams is beneficially the owner of "a portion of" the capital stock of Ada. Plaintiff sought to support this allegation by propounding interrogatories to Ada and to Adams. The answers in effect show that the allegation is unfounded. We see no error in the court's action. Certainly, for the purpose of ruling on the defendants' motions, the situation was the same as if the allegation had not been made.

The judgment of the Court of Chancery is affirmed.