See also, D.C., 303 F.Supp. 313.

**JOSEPH BANCROFT & SONS COM-PANY, Plaintiff,**

v.

**M. LOWENSTEIN & SONS, INC., Defendant.**

Civ. A. No. 3581.

United States District Court
D. Delaware.

July 2, 1969.

James M. Tunnell, Jr., Walter L. Pepperman, II, Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for plaintiff; Thomas M. Marshall, Arthur D. Gray, Kenneth E. Madsen, William J. Ungvarsky, Kenyon & Kenyon, New York City, of counsel.

C. Walter Mortenson, Mortenson & Weigel, Wilmington, Del., for defendant; Robert B. Frailey, Stuart S. Bowie, Paul & Paul, Philadelphia, Pa., and Bernard Rapoport, Howard Schwartzberg, New York City, of counsel.

## MEMORANDUM OPINION

**CALEB M. WRIGHT, Chief Judge.**

This is an action for royalties due under patent license agreements between plaintiff, Joseph Bancroft & Sons Company, and defendant, M. Lowenstein & Sons, Inc. Suit was brought on February 27, 1968 in the Delaware Court of Chancery; the case was removed to this Court on July 19, 1968. Jurisdiction is based in 28 U.S.C. §§ 1332 (diversity of citizenship) and 1441 (removal of actions).

Subsequent to removal of this action, this Court granted leave to defendant to file four counterclaims. See Order of this Court, dated January 10, 1969. Plaintiff now moves the Court for summary judgment dismissing defendant's first and second counterclaims. For the reasons set forth below, plaintiff's motion is denied as to Counterclaim One and granted as to Counterclaim Two.

 Defendant's first counterclaim is a claim under the anti-trust laws of the United States for treble damages arising out of plaintiff's allegedly illegal patent licensing scheme. Plaintiff seeks to have this claim dismissed on two grounds: first, that the applicable statute of limitations (four years) has run and, secondly, that defendant has failed to allege any damages arising from plaintiff's allegedly illegal course of conduct. As to the statute of limitations, plaintiff argues that the last "overt act" upon which defendant's claim may be based occurred considerably more than four years ago and thus there is nothing within the limitations period upon which to base an action. As to the failure to state any damages, plaintiff points out that defendant has paid no royalties in the past four years under the challenged patent provisions of the subject license agreements and thus has sustained no damages.

Defendant counters the above arguments by asserting, first, that, because no conspiracy is alleged in the counterclaim, there is no need to show an "overt act" occurring within the limitations period (i. e., proof of a "continuing" anti-trust violation will suffice) and, secondly, that damages in the form of overpayment of royalties under, not the patent provisions, but the trademark provisions of the subject license agreements and the costs of defending this lawsuit are properly asserted in the pleadings.

After careful consideration of each party's position, the Court is of the opinion that plaintiff's contentions lack merit, that defendant's first counterclaim sufficiently states a cause of action, and that there are genuine issues of material fact present requiring determination at an appropriate time. Accordingly, summary judgment as to this counterclaim is not appropriate.[1]

Defendant's second counterclaim is similar in its basic allegations to the first counterclaim except that its claim for damages is not based on the anti-trust laws. Instead, defendant seeks "restitution" of all royalties paid under the subject license agreements on the ground that the agreements are illegal under "common law." Plaintiff seeks dismissal of this claim on the ground that the statute of limitations applicable to such an action is three years, 10 Del. C. § 8106, and that defendant has failed to allege payment of any royalties during that period. Defendant argues, on the other hand, that its cause of action is essentially an equitable one as to which there is no limitations period and, while the doctrine of laches does apply to equitable actions, plaintiff has not made out a case of laches suitable for disposition on summary judgment. Accordingly, defendant is not limited in its counterclaim to royalties paid within the alleged three year period but may seek

---

1. The Court notes that the issues raised by defendant's first counterclaim are also raised as defenses to plaintiff's action so that, even were the Court to grant summary judgment as to this counterclaim, the issues in this litigation would not be narrowed.

restitution as far back as the agreements go.

The Court has reviewed Delaware law and concludes that, because defendant's claim in equity is for money damages only, there is concurrent jurisdiction in law for the same wrong. In such a case, the three year statute of limitations governs the claim. Schleiff v. Baltimore and Ohio R. R. Co., 36 Del. Ch. 342, 130 A.2d 321, 330–331 (Del. Ch.1955). See also Mayer v. Adams, 40 Del.Ch. 94, 174 A.2d 313 (Del.Sup.Ct. 1961). Defendant has clearly alleged no payment of royalties within the three year limitations period. Accordingly, defendant's second counterclaim fails, as a matter of law, to state a valid claim and must be dismissed. Plaintiff's motion for summary judgment as to the second counterclaim is granted.

Submit order in accordance herewith.