HILLSIDE AMUSEMENT CO. v. WARNER
BROS. PICTURES, Inc., et al.

District Court, S. D. New York.

Jan. 9, 1942.

See, also, 2 F.R.D. 98.

Norman H. Samuelson, of New York City (Mortimer Hays, and A. I. Siegel, both of New York City, of counsel), for plaintiff.

O'Brien, Driscoll & Raftery, of New York City, for defendants.

BRIGHT, District Judge.

Plaintiff moves for an order limiting its examination before trial and postponing such examination until after it has had an opportunity to examine seven of the defendants. The defendants counter with a motion to postpone their examination until after the completion of their examination of plaintiff.

The action is to recover damages for an alleged violation of the Sherman Act, 15 U.S.C.A. § 1 et seq. and involves a complicated series of transactions between the several defendants in moving picture production, distribution and exhibition. The complaint was filed on February 24, 1941. Most of the defendants appeared on March 17, 1941, and obtained an extension of their time to answer. On April 10, 1941, Judge Knox signed an ex parte order under Rule 26 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, granting leave to plaintiff to serve a notice of examination to take the testimony of the defendant Motion Picture Producers & Distributors of America, Inc. On May 5, 1941, a similar order was made ex parte by Judge Mandelbaum, granting leave to plaintiff to serve notices of examination to take the testimony of the various defendants. On both of those applications it appeared that no answers had been served or filed. Motions were thereafter made by the defendants for a bill of particulars and to strike out certain portions of the complaint, which motions were, in part, granted by orders filed August 25, 1941, and on the same day, an order was also filed vacating the ex parte orders for examination of the defendants before answer, but without prejudice to take the testimony of any person, as provided in the Rules of Civil Procedure. Plaintiff's amended complaint and bill of particulars were filed October 30, 1941. The answers of the defendants were not served until November 28, 1941, and simultaneously therewith, notices of examination of plaintiff were

also served. Plaintiff on December 5, 1941, served notice of examination of seven of the defendants, and these motions followed.

 Rule 26 authorizes the taking of testimony before answer "by leave of court after jurisdiction has been obtained over any defendant", but plaintiff was prevented from proceeding in accordance with that provision by the defendants in obtaining the order mentioned. Plaintiff thus manifested its diligence, and desired to avail itself of the privilege given by the Rule. The defendants have succeeded in anticipating the actual service of a new notice of examination by plaintiff by seven days, and now claim that being first in the field, they are entitled to priority of examination, citing Shamokin Woolen Mills v. Cortille Fabrics, Inc., D.C., 2 F.R.D. 25, Hulbert, D. J.; Harry Von Tilzer Music Publishing Co. v. Leo Feist, Inc., D.C., 2 F.R.D. 96, Conger, D.J.; Grauer v. Schenley Products Co., Inc., D.C., 26 F.Supp. 768, Conger, D. J., and Bough v. Lee, D.C., 28 F.Supp. 673, Leibell, D.J. But this Rule is not inflexible and may be varied in particular cases. Kenealy v. Texas Co., D.C., 29 F. Supp. 502, 504, Coxe, D.J. In that case, plaintiff was allowed to proceed although he served his notice after and was in actual default for failure to appear pursuant to defendant's notice. Even in the Grauer case, Judge Conger suggests, as the answer to a complaint there made, that the Rule gives the defendant undue advantage inasmuch as its notice can be served with its answer, that an examination might be had under the Rule immediately after jurisdiction had been obtained over the defendant. Plaintiff here attempted just that but was prevented from proceeding by the defendants.

It is argued by defendants that plaintiff cannot rely in this action on a showing of wrongs to others than itself, but must establish specific acts of the alleged conspirators directed toward and resulting in injury to it. This, together with the fact that plaintiff must necessarily seek to establish many of its allegations by proof from the defendants themselves, constrain me to grant so much of the plaintiff's motion as seeks to postpone the taking of its testimony by the defendants until after its examination of the defendants.

Plaintiff's contention, however, that the defendants' examination should be limited so as to exclude all matters upon which plaintiff has furnished a bill of particulars and having to do with the intimate details of the conspiracy alleged, cannot be sustained. The Rules permit an examination as to all matters relative to the issues, which here include, necessarily, the allegations of conspiracy. The mere fact that plaintiff has, in amplification of its pleading, furnished information in its bill of particulars as to its claim, cannot preclude defendants.

An order to be settled on notice will be granted in accordance with the foregoing.