## PRINIAS v. ANDREADIS.

United States District Court
S. D. New York.

May 10, 1952.

Gallop, Climenko & Gould, New York City, for plaintiff.

Aristotle Souval, New York City, for defendant.

WEINFELD, District Judge.

The defendant moves to vacate plaintiff's notice to take his deposition pursuant to Rule 26, 28 U.S.C.A. upon the grounds (1)

that the notice was served prematurely in that twenty days from the removal of the action to the Federal Court have not expired; and (2) hardship upon the defendant, who is a resident of Greece, and now enagaged there in professorial duties.

The action was commenced in the Supreme Court of the State of New York by the service of a summons without complaint upon the defendant on February 19th, 1952.[1] It was removed to this Court by the defendant on March 7th. On March 12th, the notice to take defendant's deposition, now sought to be vacated, was served upon the defendant—more than twenty days after the service of the summons. Thus, service of the notice under Rule 26(a) was proper and plaintiff was not required to obtain leave of Court, since the rule specifically provides:

> "After commencement of the action the deposition may be taken without leave of court, except that leave, granted with or without notice, must be obtained if notice of the taking is served by the plaintiff within 20 days after commencement of the action."

 However, the defendant urges that because "twenty days from the removal of the action have not yet expired" the notice is premature. This contention must fail. To so construe Rule 26(a) would be reading language into it contrary to its express provision—and indeed contrary to its intended purpose "to eliminate the requirement of leave of court for the taking of a deposition except where a plaintiff seeks to take a deposition within 20 days after the commencement of the action."[2] The requirement that plaintiff obtain leave of Court where he seeks to examine within twenty days of the commencement of the action is intended for the protection of a defendant and to afford him an opportunity to retain counsel and to inform himself as to the nature of the suit.[3]

The further contention that the notice is ineffective because the defendant has not yet answered is equally without merit.[4]

With respect to the alleged hardship to the defendant, it appears that he visits this country fairly regularly in connection with his business interests, which appear quite substantial, and is expected to return here in the future. Under this circumstance, the defendant should be required to appear for examination when he next visits this country. However, if it should appear from an affidavit, which may be submitted upon the settlement of this order, that it is not likely that he will do so within a reasonable period of time, then the plaintiff's suggestion that written interrogatories be issued now with leave to examine the defendant orally thereafter, when he is again within the jurisdiction, is adopted and the order may so provide.

Settle order on notice.

---

1. Under Section 218 of the New York Civil Practice Act a "civil action is commenced by the service of a summons * * *."

2. Moore's Federal Rules and Official Forms, With Comments on the Amendments (1951), p. 176.

3. Notes of Advisory Committee on Amendments to Rules, Following Rule 26. 28 U.S.C.A. p. 171.

