## CARIBBEAN CONST. CORP. v. KENNEDY VAN SAUN MFG. & ENG. CORP.

United States District Court
S. D. New York.
Sept. 18, 1952.

Edwin M. Slote, New York City (Max E. Lynne, New York City, of counsel), for plaintiff.

Isaac Gluckman, New York City (Isaac Gluckman and George Weisbrod, New York City, of counsel), for defendant.

WEINFELD, District Judge.

This motion challenges the propriety of plaintiff's notice to take defendant's deposition where the requirement of Rule 4(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., that the summons be forthwith delivered for service upon the defendant, was violated.

It may be noted at the outset that what really is involved as between the litigants is the race for priority in the taking of depositions before trial. We need not consider whether the advantages in priority are illusory or real. It is enough to observe that numerous motions are presented at each motion term which would readily be withdrawn if one side or the other yielded on this question.[1] Defendant may, and usually does, serve notice of deposition with his answer within twenty days from the filing of the complaint. Since decisional law has settled that, in the usual situation, those who first serve notice of deposition have priority,[2] and since plaintiff is not permitted to serve such notice without leave of court for twenty days immediately subsequent to the commencement of the action,[3] the practical effect is to give defendant the sought-after priority; for it is only in the exceptional case, as this Court recently pointed out,[4] that plaintiff will be granted leave of court within the twenty-day period.

1. Cf. Caldwell-Clements, Inc., v. McGraw-Hill Pub. Co., Inc., D.C., 11 F.R.D. 156.

2. Auburn Capitol Theatre Corp. v. Schine Chain Theatres, D.C., 83 F.Supp. 872; Kenealy v. Texas Co., D.C., 29 F.Supp. 502; Grauer v. Schenley Products Co., D.C., 26 F.Supp. 768. But, of course, this rule is not inflexible. See Morrison Export Co. v. Goldstone, D.C., 12 F.R.D. 258, 260; Caldwell-Clements, Inc., v. McGraw-Hill Pub. Co., Inc., supra, footnote 1, 11 F.R.D. 157; Keller-Dorian Colorfilm Corp. v. Eastman Kodak Co., D.C., 9 F.R.D. 432; Hillside Amusement Co. v. Warner Bros. Pictures, D.C., 2 F.R.D. 275.

3. Rule 26(a), Federal Rules of Civil Procedure.

4. Caldwell-Clements, Inc., v. McGraw-Hill Pub. Co., Inc., supra, footnote 1, 11 F.R.D. 158.

It is against the foregoing background that the chronology of events in the instant case is to be considered.

The complaint was filed on July 25th, 1952, and the Clerk forthwith issued the summons.[5] Although the Marshal's office is located in the same building, plaintiff's attorney failed to deliver the summons and a copy of the complaint to the Marshal until August 11th, 1952, seventeen days after original filing; and service was not effected until August 12th, or, as defendant contends, August 13th. Within two days thereafter, on August 15th, and precisely twenty-one days after the filing of the complaint, when plaintiff was no longer required to obtain leave of court under Rule 26(a), it served the present notice of deposition, which defendant now seeks to vacate.

Defendant charges that the withholding by plaintiff's attorney of the summons from the Marshal for seventeen days was deliberate and calculated to enable plaintiff to obtain priority of examination. Plaintiff's counsel denies the charge and asserts that the delay was inadvertent. But in my view, it will not be necessary to pass upon this issue, since I believe that plaintiff's attorney should not be permitted thus to circumvent the purpose of Rule 26(a), whether or not he intended such result.

Rule 26(a) provides in part that "After commencement of the action the deposition may be taken without leave of court, except that leave * * * must be obtained if notice of the taking is served by the plaintiff within 20 days after commencement of the action." This provision was intended to give the defendant ample opportunity to obtain counsel and inform himself of the nature of the suit.[6] It must be clear, therefore, that Rule 26(a), taken in conjunction with Rule 4(a),[7] contemplates that, in the normal situation upon the forthwith delivery of the summons to the Marshal, service thereof, together with the complaint, will be effected promptly and in due course, thereby affording the defendant sufficient opportunity to engage a lawyer before he is called upon to submit to examination.[8] Here, the likelihood of prompt service of the summons upon the defendant, following the filing of the complaint, was frustrated by plaintiff's conduct,[9] with the result that the interval between the date of service of the summons and the notice of the taking of defendant's deposition was cut to two days.

Plaintiff contends that since an action is "commenced by filing a complaint with the court," Rule 3, and since notice of deposition was served on the twenty-first day thereafter, that such notice is valid and leave of court was not required. Technically this is true. And it is also true that there appears to be no stated sanction for non-compliance with Rule 4(a) requiring

---

5. In this district the Clerk, upon the filing of the complaint and payment of his fees, as fixed by 28 U.S.C.A. § 1914, forthwith issues and delivers the summons to plaintiff's attorney. The attorney is then instructed by the Clerk to proceed to the Marshal's office, where the service and mileage fees are collected by the Marshal as required by 28 U.S.C.A. § 551, simultaneously with the delivery to him of the summons and a copy of the complaint as required by Rule 4(d).

6. See Notes of Advisory Committee on Amendments to Rules, Federal Rules of Civil Procedure, 28 U.S.C.A. 171; Prinias v. Andreadis, D.C., 12 F.R.D. 490.

7. While it is recognized that the basic purpose of the requirement of forthwith delivery of summons for service under Rule 4(a) was to meet possible issues arising under the statute of limitations, Rule 4(a) must also be considered in connection with the purpose of Rule 26 (a).

8. See Notes of Advisory Committee, supra, footnote No. 6, where it is stated that " * * * 20 days are sufficient time for him [defendant] to obtain a lawyer * * *."

9. Parenthetically, it is observed that officers of the defendant were available at all times for process.

delivery of the summons forthwith to the Marshal.[10]  But the answer is that the Federal Rules of Civil Procedure are to be viewed as an integrated whole and not as isolated fragments.[11]  The practice here indulged in, if permitted to go by unchecked, could become a convenient stratagem for plaintiffs, willing to adopt it, to defeat the purpose of the requirement of Rule 26(a), and, incidentally, to secure priority in the taking of depositions.  Simply by failing to deliver papers to the Marshal for service until after the requisite twenty days had expired and then on the twenty-first day serving notice of deposition upon the defendants, plaintiffs, in practical terms, could vitiate the requirement of Rule 26(a) that leave of court be obtained within the twenty-day period following the commencement of suit.

I need not here decide what is the maximum period within which plaintiff must deliver papers to the Marshal for service in order to comply with Rule 4(a), although the natural practice would seem to be to deliver them immediately following the filing of the complaint with the Clerk.  Nor is it necessary to consider those other situations which are not occasioned by plaintiff's conduct.  I only hold that in the circumstances of this case plaintiff's delay of seventeen days is a flagrant violation of Rule 4(a).  And this Court, in the exercise of its broad power to compel obedience to its procedures, will not allow a litigant by violation of one rule to circumvent another.

The motion to vacate is granted.

Settle order on notice.

10.  But it has been stated that Rule 4(a) and Rule 3 should be considered together. Yudin v. Carroll, D.C., 57 F.Supp. 793, 799; 2 Moore's Federal Practice, Second Edition, 735–736, 745–746.  See also Bomar v. Keyes, 2 Cir., 162 F.2d 136,

cert. denied 332 U.S. 825, 68 S.Ct. 166, 92 L.Ed. 400, rehearing denied 332 U.S. 845, 68 S.Ct. 266, 92 L.Ed. 416.

11.  See Compania Maritima Transoceanica, S. A. v. Ocean Freighting & Brokerage Corp., D.C., 10 F.R.D. 129, 131.