**PARK & TILFORD DISTILLERS COR-
PORATION, Plaintiff,**

**v.**

**The DISTILLERS COMPANY, Limited,
et al., Defendants.**

United States District Court
S. D. New York.
May 22, 1956.

Milton Handler and Seligson, Morris & Neuburger, New York City, Charles Seligson, Robert K. Lifton, Mervin C. Pollak, David Sive, New York City, of counsel, for plaintiff.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, Porter R. Chandler, James J. Higginson, and Ralph M. Carson, New York City, of counsel, for defendants Distillers Co., Ltd. and Gordon's Dry Gin Co., Ltd.

White & Case, New York City, Thomas Kiernan, New York City, of counsel, for defendant Distillers Corp.-Seagrams Limited, appearing specially, and defendants Joseph E. Seagram & Sons, Inc., Browne-Vintners Co., Inc., and J. & F. Martell, Inc.

Breed, Abbott & Morgan, New York City, Thornton C. Land, Gerald J. Craugh, New York City, of counsel, for defendant National Distillers Products Corp.

Dewey, Ballantine, Bushby, Palmer & Wood, New York City, Philip C. Scott, Leonard Joseph, New York City, of counsel, for Schenley Industries, Inc.

LEVET, District Judge.

This is an action for treble damages and injunctive relief against fourteen defendants comprising certain foreign producers of Scotch whiskey and certain domestic distillers and importers. The complaint alleges that by reason of conspiracies in restraint of trade and monopolization by the defendants in violation of the federal anti-trust laws, and as a result of other tortious conduct by certain of the defendants, the plaintiff lost its rights to distribute certain brands of imported distilled spirits in the United States.

The plaintiff asserts that it has effected the service of process on eleven of the defendants named herein. No answer to the complaint has as yet been filed by any of the defendants.

Five motions, jointly argued and all relating to the question of priorities of certain depositions herein, are before this Court for determination.

Suit was commenced on April 3, 1956. On April 11th, the defendants Distillers Company, Ltd. and Gordon's Dry Gin Co., Ltd., served their notice of appearance and pursuant to Rule 26 of the Federal Rules of Civil Procedure, 28 U.S. C.A., their notice, returnable May 1st, to take the depositions of the plaintiff and of Schenley Industries, Inc., a witness which allegedly owns 87% of the stock of the plaintiff.

On April 16th, the defendant National Distillers Products Corporation served its notice of appearance and its notice to take the depositions of the plaintiff and of Schenley Industries, Inc., on May 1st.

The defendants Joseph E. Seagram & Sons, Inc. and Browne-Vintners Co., Inc., appeared herein on April 18th, and on April 20th served their notice to take the depositions of the plaintiff and of Schenley Industries, Inc., on May 2nd.

On April 24th, twenty-one days after the commencement of this action, the plaintiff served notices to take the depositions of all eleven defendants and of three individuals who are not parties to this action. Said notices were returnable April 30th and May 1st.

Pursuant to a show cause order dated April 26, 1956, the plaintiff moved to vacate all the notices to take depositions served by the defendants herein, and for an order directing that the said depositions should not be taken, or in the alternative, staying the taking of each of the said depositions until after the taking of the depositions noticed by the plaintiff. Plaintiff also requests a consolidation of the taking of the depositions of the plaintiff by the defendants.

Thereafter, pursuant to a show cause order dated April 27, 1956, defendants Distillers Company, Ltd. and Gordon's Dry Gin Co., Ltd., moved to stay the taking by plaintiff of the depositions of the said defendants and other defendants until after the completion of the taking, by the said defendants, of the depositions of plaintiff and Schenley Industries, Inc.

The defendant National Distillers Products Corporation also obtained a show cause order dated April 27th, to postpone the taking by plaintiff of the depositions of the said defendant until after the completion by the defendant of the taking of the depositions of plaintiff and Schenley Industries, Inc.

A similar show cause order dated April 27th was obtained by the defendants Joseph E. Seagram & Sons, Inc. and Browne-Vintners Co., Inc.

The witness, Schenley Industries, Inc., has moved pursuant to a show cause order dated April 30, 1956, to quash the subpoenas duces tecum which were served on it by the aforesaid five defendants and for an order directing that the depositions of Schenley Industries, Inc.,

shall not be taken, or in the alternative, for an order staying the taking of the depositions of Schenley Industries, Inc., until such time as the depositions of the parties to this action have been completed.

The five motions were consolidated for argument and are jointly decided herein.

■ The defendants' notices were served prior to the notices which the plaintiff served. Accordingly, the defendants rely upon the prevailing rule that in the absence of some special and good reason, examinations should proceed in the order in which they are demanded. Sanib Corp. v. United Fruit Co., D.C.S.D.N.Y.1955, 19 F.R.D. 9; Isbrandtsen v. Moller, D.C.S.D.N.Y.1947, 7 F.R.D. 188; Ginsberg v. Railway Express Agency, Inc., D.C.S.D.N.Y.1945, 6 F.R.D. 371; Alderman Tailors, Inc., v. Alderman Tailors, Inc., D.C.S.D.N.Y. 1942, 48 F.Supp. 750; Bough v. Lee, D.C. S.D.N.Y.1939, 28 F.Supp. 673; Grauer v. Schenley Products Co., Inc., D.C.S.D. N.Y.1938, 26 F.Supp. 768.

■ It appears from the papers before me that there are special circumstances in this case which warrant a departure from the general rule.

The period during which depositions may be taken is governed by Rule 26 of the Federal Rules of Civil Procedure, which is silent on the subject of priority in the taking of depositions which have been properly noticed. Rule 26 provides that depositions may be taken after the commencement of the action without leave of court, except that a plaintiff cannot serve a notice of taking depositions within twenty days after the commencement of the action without first obtaining a court order. It is apparent that the plaintiff acted diligently when it served its notices on the 21st day subsequent to the commencement of this action. Had the plaintiff attempted to obtain leave of court in order to take the defendants' depositions within twenty

days after the commencement of this suit for the sole purpose of obtaining priority in the taking of depositions, it is doubtful that the plaintiff would have succeeded. See Babolia v. Local 456, Teamsters & Chauffeurs Union, D.C.S.D. N.Y.1951, 11 F.R.D. 423; Munson Line v. Green, D.C.S.D.N.Y.1946, 6 F.R.D. 14.

It also appears from the papers before me that there is a likelihood that this Court's jurisdiction will be challenged by some of the defendant-corporations herein which have not as yet filed their appearances, namely, The Distillers Company, Limited, Booth's Distilleries, Ltd., William Sanderson & Son, Ltd., and Distillers Corporation-Seagrams, Limited. For purposes of convenience and expedition, the plaintiff should be entitled to a priority in the taking of depositions so that it may examine as to matters relating to the propriety of venue in this district and the sufficiency of the service of process herein.

Another factor which weighs in favor of granting priority to the plaintiff is the fact that much of the proof which plaintiff will require in order to establish its case must come from the defendants themselves. It does not appear that any of the defendants will be prejudiced by permitting the plaintiff to examine them first with respect to activities and conduct peculiarly within their own knowledge. See Hillside Amusement Co. v. Warner Bros. Pictures, Inc., D.C.S.D. N.Y.1942, 2 F.R.D. 275.

■ Finally, it appears that the notices which the defendants served upon plaintiff and Schenley Industries, Inc., are all patently defective for several reasons. In each of these notices the respective defendants seek to take the deposition of plaintiff through "such other directors, officers or employees as have knowledge or information concerning the matters or any of them referred to in the complaint." A notice couched in the aforesaid language does not satisfy the requirement of Rule 30(a) of the Fed-

eral Rules of Civil Procedure, which provides that where the name of the person to be examined is not known, the party seeking the examination shall give "a general description sufficient to identify him or the particular class or group to which he belongs." Thus, in Morrison Export Co. v. Goldstone, D.C.S.D. N.Y.1952, 12 F.R.D. 258, 260, it was held that a notice referring to " 'such other officers and employees of said plaintiff as have knowledge of the matters involved in this action' " was violative of Rule 30(a). In Freeman v. Hotel Waldorf-Astoria Corporation, D.C.S.D.N.Y.1939, 27 F.Supp. 303, the court found that a notice did not comply with Rule 30(a) when it called for the examination of the defendant " 'by the officers, directors, managing agents or employees having knowledge thereof.' " Similarly, in Orange County Theatres, Inc. v. Levy, D.C.S.D.N.Y.1938, 26 F.Supp. 416, 417, the words " 'such other officer or officers as may have knowledge of the various matters hereinafter referred to' " was too general a statement to compel the plaintiff to produce anyone for examination. And in Cohen v. Pennsylvania R. Co., D.C.S.D.N.Y.1939, 30 F.Supp. 419, 420, a motion to vacate a notice to take a deposition was granted insofar as said notice provided for taking the deposition of a party by " 'such other Officer or Officers as may have knowledge of the facts.' "

■ Moreover, it appears that the defendants seek to examine the plaintiff through certain individuals who are neither officers nor managing agents of the plaintiff. Manifestly, a director, former officer, or an employee of a corporation which is a party or witness to an action may be examined under Rule 26(a) and the deposition so obtained may be used under Rule 26(d) (2) or Rule 26(d) (3) against a party to the action insofar as it is admissible under the rules of evidence. However, Rule 37(d), which specifies the sanctions which may be imposed upon a party who fails to appear for an examination, expressly refers to "a party or an officer or managing agent of a party" and does not include a director or employee. Thus, it was held in Campbell v. General Motors Corp., D. C.S.D.N.Y.1952, 13 F.R.D. 331, 332, that the conclusion to be drawn is that it was not intended that a corporation which is a party to an action may be examined through a director under Rule 26(a). The court said: "To hold that Rule 26 (a) creates a right for which Rule 37(d) creates no remedy imputes to the draftsman of these Rules carelessness or error, a result which must be avoided if other alternatives suggest themselves."

Accordingly, the defendants' notices herein are hereby vacated, without prejudice, to the extent that they refer to directors and former officers of the plaintiff and to the extent that they seek to examine the plaintiff and Schenley Industries, Inc., through "such other directors, officers or employees as have knowledge or information concerning the matters or any of them referred to in the complaint."

The defendants' motions to postpone the taking by plaintiff of the depositions of the defendants until after the completion by the defendants of the taking of the depositions of plaintiff and Schenley Industries, Inc., are denied.

Plaintiff's motion is granted insofar as it requests that the defendants' examinations of the plaintiff shall be stayed pending the plaintiff's examinations of the defendants.

■ Plaintiff's request for a consolidation of the defendants' examinations is denied. A consolidation of examinations would not be conducive to orderliness in an action such as this where there are numerous defendants and different claims are made by the plaintiff against the various defendants with respect to separate transactions. Under these circumstances each group of defendants should be entitled to conduct its own separate examination without

having it lost in an amorphous mass of questions and answers.

The Schenley motion to quash the subpoenas which were served herein is denied and its alternative motion for a stay is granted to the extent that the examination of Schenley is stayed until after the plaintiff has completed its examinations of the defendants. Thereafter, the defendants may proceed with their examinations of Schenley Industries, Inc., pursuant to their notices, as modified herein.

Settle order on notice.