**INTERNATIONAL COMMODITIES CORPORATION, Plaintiff,**

v.

**INTERNATIONAL ORE & FERTILIZER CORPORATION, Phosphate Rock Export Corporation, Inter-Ore Shipping Corporation, International Fertilizer Development Corp., American Agricultural Chemical Company, Inc., Armour & Company, Gannet Freighting, Inc., Smith-Douglass Company, Inc., Swift & Company, Henry J. Leir, H. Lee White, Hugh S. Ten Eyck, Ronald Stanton, and Doris Robison, Defendants.**

United States District Court
S. D. New York.
Dec. 18, 1961.

Feldman, Kramer, Bam, Nessen & Cowett, New York City, Maurice Nessen, New York City, of counsel, for plaintiff.

Mudge, Stern, Baldwin & Todd, New York City, Paul D. Miller, Frank E. Schwelb, New York City, of counsel, for defendant Smith-Douglass Co., Inc.

Cadwalader, Wickersham & Taft, New York City, Jacquelin A. Swords, John J. Walsh, New York City, of counsel, for defendants International Ore & Fertilizer Corporation, Phosphate Rock Export Corporation, Inter-Ore Shipping Corporation, International Fertilizer Development Corp., H. Lee White, Hugh S. Ten Eyck, Ronald P. Stanton and Doris P. Robison.

Cahill, Gordon, Reindel & Ohl, New York City, John W. Nields, Douglas Cutler, New York City, of counsel, for defendant W. R. Grace & Co.

Donovan, Leisure, Newton & Irvine, New York City, Samuel Murphy, Jr., R. L. Bond, New York City, of counsel, for defendant American Cyanamid Co.

Root, Barrett, Cohen, Knapp & Smith, New York City, Harold Quinn, New York City, of counsel, for defendant Gannet Freighting, Inc.

White & Case, New York City, William J. Condon, New York City, of counsel, for defendant Swift & Co.

Sullivan & Cromwell, New York City, William E. Willis, New York City, of counsel, for defendant American Agricultural Chemical Co., Inc.

Lord, Day & Lord, New York City, T. F. Daly, Henry D. Baldwin, New York City, of counsel, for defendant Armour & Co.

LEVET, District Judge.

This is a treble damage anti-trust suit. The plaintiff charges defendants with a conspiracy to restrain the international and interstate trade in phosphate rock and fertilizers and with monopolizing and attempting to monopolize that trade.

## I.

### MOTION TO STRIKE PARAGRAPHS TWENTY-SIXTH TO THIRTIETH OF THE COMPLAINT

Defendants International Ore & Fertilizer Corporation (hereafter Interore), Phosphate Rock Export Corporation, Inter-Ore Shipping Corporation, International Fertilizer Development Corp., H. Lee White, Hugh S. Ten Eyck, Ronald Stanton, Doris Robison, Henry J. Leir, Swift & Company, Armour & Company, W. R. Grace & Co., have moved to strike paragraphs numbered Twenty-Sixth, Twenty-Seventh, Twenty-Eighth, Twenty-Ninth and Thirtieth of the complaint under Rule 12(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

▮ The motion is granted. The paragraphs attacked are so interwoven with the immaterial, the remote, and the redundant that the disengagement of any relevant or material areas of appropriate allegation is virtually impossible. Pleading to such assertions should not be imposed upon defendants nor should these allegations form the basis of any depositions sought by the plaintiff.

▮ The ultimate problem as to background of the alleged conspiracy is largely concerned with the admissibility of evidence and should be determined at trial or in the pre-trial procedures before the Rule 2 judge at an appropriate time when plaintiff may submit an outline of its proposals by way of *relevant* background material.

So ordered.

## II.

### EXTENSION OF DEFENDANT'S TIME TO ANSWER

The defendant American Agricultural Chemical Company, Inc. asks for an extension of time to answer until the deposition of plaintiff by such defendant has been taken.

I have discovered no reason warranting such extension. Accordingly, the motion is denied. All defendants are to serve and file answers by December 31, 1961.

So ordered.

## III.

### PLAINTIFF'S MOTION FOR DISCOVERY AND INSPECTION UNDER RULE 34 OF THE FEDERAL RULES OF CIVIL PROCEDURE

▮ The plaintiff, by an undated notice of motion, filed September 5, 1961, returnable September 19, 1961, sought an order requiring Interore and certain subsidiaries to produce various books, papers, records and documents at intervals of one month commencing on October 1, 1961 and continuing through August 1, 1962.

Specific books, papers, etc. are not enumerated. Item (a) of the notice of motion is as follows:

"(a) On October 1, 1961: (i) all documents which contain descriptions of Interore's and its subsidiaries' businesses, the sources of their income, the manner in which they do business, and the persons (including corporations and associations) with whom they do business; (ii) all profit and loss statements

and balance sheets of Interore and its subsidiaries; (iii) copies of all contracts concerning the representation of Interore and its subsidiaries and producers of phosphate rock and phosphatic fertilizers; (iv) copies of all contracts and agreements (other than those that refer only to single sales) between Interore and its subsidiaries and all purchasers, distributors and producers of phosphate rock and phosphatic fertilizers; (v) all correspondence, and documents relating to such correspondence, between Interore, its subsidiaries, its managing agents and their attorneys and the Federal Trade Commission."

The notice of motion in item (b) is as follows:

"(b) On November 1, 1961: all correspondence, instructions, memoranda, orders sheets, worksheets, books, records, invoices, financial statements, including audit reports, memoranda received from internal and independent auditors and employees, balance sheets, profit and loss statements, trial balances, general and subsidiary ledgers, diaries and other papers relating to any business between Interore, its subsidiaries, its managing agents and employees and W. R. GRACE & CO."

Items (c), (d), (e), (f), (g) and (h) make similar demands as to papers, business, etc. of Interore with American Cyanamid Company (c), American Agricultural Chemical Company, Inc. (d), Armour & Company (e), Gannet Freighting Inc. (f), Smith-Douglas Company, Inc. (g), Swift & Company (h). Items (i), (j) and (k) apparently in effect call for all other papers not referred to in the previous items. In plain language, the demand seems to call for virtually all papers of Interore and its allied subsidiaries.

The demand here appears to be similar to that in Service Liquor Distributors v. Calvert Distillers Corp., D.C.S.D.N.Y.,

1954, 16 F.R.D. 344, and the same principles would seem applicable.

Some degree of specificity is essential. The sweeping demands of plaintiff are not bounded by time, by scope, or by a reasonable category. No good cause for such an omnibus production has been shown. The plaintiff's demand amounts to an insufficient designation which does not indicate within a reasonable degree of certainty what the defendants would be expected to produce.

The plaintiff at this stage of the case may or may not have a greater detail with respect to itemization of papers or of categories. However, after examination of defendants or in the course of such examination, it should be able to secure such information and be in a position to frame a more specific demand.

Accordingly, the motion for discovery and inspection is denied without prejudice to renewal after more definite information is available.

So ordered.

## IV.

### MOTION WITH RESPECT TO DEPOSITION OF DEPENDENT SMITH-DOUGLASS, etc.

The motions with respect to the deposition of defendant Smith-Douglass and in respect to the motion to quash the subpoena duces tecum are determined as set forth from the Bench on December 8, 1961, and as implemented in orders dated December 15, 1961.

### MOTION OF DEFENDANT SMITH-DOUGLASS TO QUASH SERVICE OF SUMMONS AND DISMISS ACTION, etc.

Decision on the motion to quash service of summons is deferred until said deposition has been taken and filed and any necessary hearing had.

## V.

### PRIORITY OF DEPOSITIONS

On August 24 and 25, 1961, after service of the summons and complaint herein,

the plaintiff mailed to defendants notices of motion, returnable September 19, 1961, asking for an order under Rule 26 of the Federal Rules of Civil Procedure (1) that depositions of Interore and its subsidiaries, by its managing agents, should begin on December 4, 1961 and continue from day to day until they are completed or adjourned by agreement, and (2) that depositions of plaintiff should begin on February 5, 1962 or any later date that the defendants might designate.

Defendants, immediately after being served with the plaintiff's notice of motion, in return served notices to examine plaintiff, to commence on September 5, 1961, before the return date of plaintiff's said motions. At the request of counsel for Interore, the plaintiff adjourned this motion to October 19, 1961. Plaintiff appears to claim that this motion ipso facto required the determination of priorities by the court. Some informal adjournments of the plaintiff's deposition may have been had, but the defendants took plaintiff's default in appearance for its examination and now move also to dismiss the complaint.

The case was assigned for all purposes to the undersigned under Rule 2 by order dated November 20, 1961. The motion to unscramble the priority difficulties was then heard on December 8, 1961.

■ Rule 26 of the Federal Rules of Civil Procedure does not specify priorities, although in numerous cases it has been held that normally the notice first served is given priority. Nevertheless, for good and sufficient reasons, this priority may be varied where there is a timely opportunity for the court to determine the question. See Park & Tilford Distillers Corp. v. Distillers Co., D.C.S.D. N.Y., 1956, 19 F.R.D. 169.

The only specification as to timing in Rule 26 is the provision:

" * * * After commencement of the action the deposition may be taken without leave of court, except that leave, granted with or without notice, must be obtained if notice of the taking is served by the plaintiff within 20 days after commencement of the action. * * * "

■ Obviously, this means that within 20 days after the commencement of the action the plaintiff must obtain leave of the court *with* or *without* notice and that, therefore, a notice of motion would be appropriate, although perhaps inept. However, there is no provision that service of such notice of motion has any deferring effect on a notice of deposition served by defendant, returnable before the return date of the motion.

The plaintiff may very well by order to show cause have obtained a temporary restraining order staying the depositions sought by defendants of plaintiff until determination of plaintiff's motion. This it did not do. Instead, it relied, and probably unadvisedly, on incomplete and informal oral stipulations, the exact nature of which the court cannot now determine, and upon a contention that the motion somehow automatically stayed the examination of plaintiff. And so the alleged default occurred.

It may, of course, be stated that no doubt upon a suitable application the court likely would have stayed the progress of the examinations until determination of the motion.

After examining the papers and hearing somewhat extensive argument, the court, fails to see any substantial reason for a full fledged examination of plaintiff by defendants at this time. The plaintiff will be asked, among other things, the bases of its claims and at this time its answers must perforce be fragmentary. Neither have defendants shown any substantial reasons why they would be prejudiced by a partial delay in their proceeding.

Accordingly, the motion of defendants to dismiss the complaint is denied, and it is so ordered.

As stated by Judge Weinfeld in a similar case, Caldwell-Clements, Inc. v. Mc-

Graw Hill Pub. Co., D.C.S.D.N.Y., 1951, 11 F.R.D. 156, 157, 158: "The rule of 'first come—first served' has converted what was intended as an orderly process for the preparation for trial into a game of strategy and a jockeying for position. The problem of adequate preparation for trial seems to have been relegated to a subordinate position."

Notices of examination to examine the president, two vice-presidents, the secretary-treasurer and a director of the plaintiff-corporation were served by the following:

1. International Ore & Fertilizer Corporation and other defendants represented by Cadwalader, Wickersham and Taft.

2. American Agricultural Chemical Company, Inc.

3. American Cyanamid Company.

4. Armour & Company.

5. W. R. Grace & Co.

6. Swift & Company.

These notices were identical and called for the production seriatim of five officers and directors of the plaintiff with a day's interval between each examination. Strange as it may seem, all were noticed to commence on September 5, 1961.

An orderly preparation for trial would seem to warrant the following priorities and procedure:

A. *Examination of plaintiff*

1. Let the president and secretary-treasurer of the plaintiff be examined by defendants on January 8, 1962, at an hour and place to be supplied in an order to be submitted herein by plaintiff upon notice to all defendants.

2. Let the order of examination of such officers be as follows:

(1) International Ore & Fertilizer Corporation and subsidiaries.

(2) American Agricultural Chemical Company, Inc.

(3) American Cyanamid Company.

(4) Armour & Company.

(5) W. R. Grace & Co.

(6) Swift & Company.

3. This examination shall proceed from day to day unless adjourned by consent, but shall continue for no more than six days.

4. At this time such examination shall not include questions designed to illicit from plaintiff its claims or contentions with respect to the claims set forth in the complaint.

B. *Examination of defendants*

On January 29, 1962, the examination of Interore and its subsidiaries by their officers and managing agents as specified in the order to be settled on notice to all parties and at a time and place to be specified in said order, shall proceed from day to day on Monday, Tuesday and Wednesday of each week until completed or adjourned by agreement, but no longer than April 18, 1962, unless permitted by the court.

C. *Continuance of examination of plaintiff by defendants*

1. On May 7, 1962, the examination of plaintiff by defendants shall resume at a designated hour and place, and in the reverse order of defendants to that provided in Section A above.

2. The defendants or any of them for good cause may move upon notice to plaintiff to extend the examination to other officers of plaintiff in addition to those specified in A above.

3. This examination may continue from Monday, Tuesday and Wednesday of each week for no longer than three weeks unless extended by the court.

Let plaintiff prepare and settle upon notice order in respect to depositions in accordance herewith.