**Hyman BOXER, d/b/a Wholesale Drug Co., Plaintiff,**

v.

**SMITH, KLINE & FRENCH LABORATORIES et al., Defendants.**

**H. L. MOORE DRUG EXCHANGE, INC., Plaintiff,**

v.

**SMITH, KLINE & FRENCH LABORATORIES et al., Defendants.**

**Nos. 66 Civ. 3852, 66 Civ. 3851.**

United States District Court
S. D. New York.
June 20, 1967.

See also 2 Cir., 384 F.2d 97.

Bass & Friend, New York City, for plaintiff.

Sullivan & Cromwell, New York City, for Smith, Kline & French Laboratories and others.

MOTLEY, District Judge.

### Memorandum Opinion on Motion To Stay Taking of Plaintiffs' Depositions

These are private anti-trust actions (15 U.S.C. § 1). In the first action Boxer seeks $6,000,000 damages and an injunction. The complaint in the first case alleges a conspiracy among defendants to destroy plaintiff's business as a drug wholesaler. The conspiracy is alleged to be manifested by a concerted boycott and refusal to deal with plaintiff by defendants and by defendants coercing and threatening plaintiff's suppliers to discontinue doing business with plaintiff for the purpose of fixing prices and restricting territorial sales areas. It is also alleged that defendants conspired to and did employ an industrial spy for the purpose of ascertaining and cutting off suppliers of products to those who refuse to maintain prices and respect territorial restrictions. Thirteen corporations, two individuals, and seven fictional persons have been named as defendants.

The first complaint was filed November 15, 1966. Thereafter, on December 6, 1966, three defendants answered and simultaneously filed notices of taking plaintiff's deposition. On December 9, 1966 two more defendants answered and simultaneously filed notices of taking depositions. A third defendant filed a notice of taking depositions on the same day. On December 16, 1966, another defendant answered and simultaneously filed a deposition notice.

On December 22, 1966, plaintiff Boxer filed the instant motion pursuant to Rule 30(b) Fed.R.Civ.P. for an order staying the taking of plaintiff's deposition by defendants and granting partial priority of discovery to plaintiff on the ground that the instant action presents special circumstances warranting the granting of precedence in discovery to plaintiff.

Since the filing of plaintiff's motion, another defendant answered and simultaneously filed a deposition notice on January 24, 1967. Four other defendants have answered, two in December 1966 and two in January 1967 but have not filed notices to take plaintiff's deposition.

On the same day on which the complaint in the *Boxer* action was filed, counsel for plaintiff there filed a related complaint in the case of H. L. Moore Drug Exchange Inc. v. Smith, Kline & French Laboratories (66 Civ. 3851) in which plaintiff demands judgment for $9,000,000.00 damages as well as injunctive relief. The identical conspiracy against the *Moore* plaintiff is alleged in that case as is alleged in the *Boxer* case.

In the *Moore* case thirty-two corporate defendants are named and two individual defendants. Twelve of the 32 corporate defendants in the *Moore* case and the two individual defendants are made defendants in the *Boxer* action.

After the complaint in the *Moore* case was filed, a similar motion was filed the same day as the instant motion in the *Boxer* case to stay plaintiff Moore's deposition and for partial priority. Prior to the filing of the *Moore* motion, notices of taking that plaintiff's deposition had been filed on behalf of 20 of the 34 defendants. These notices had been filed between December 5, 1966 and December 20, 1966. Fourteen defendants in the *Moore* case filed answers between December 9, 1966 and December 20, 1966.

The stay motions in both cases were heard on February 16, 1967. These cases are thus consolidated for purposes of these motions and decisions thereon.

In both cases, defendants have agreed with plaintiffs that defendants' deposition notices would be adjourned pending disposition of plaintiffs' motions for stay and priority.

In both cases plaintiffs claim special circumstances warranting departure from the rule, which is not here disputed, that the party first serving a notice of taking depositions is entitled to priority, unless there are special circumstances dictating a different order of taking oral testimony.[1]

The special circumstances pleaded by plaintiffs are as follows:

1. The action is one in which much of the proof which plaintiffs will require in order to establish their case must necessarily come from defendants.

---

1. The rule has been reiterated in numerous prior decisions of this Court, some of which antedate the 1946 amendment to Rule 26(a), Fed.R.Civ.P., e. g. Kenealy v. Texas Co., 29 F.Supp. 502, 504 (S.D.N.Y.1939); Hillside Amusement Co. v. Warner Bros. Pictures, 2 F.R.D. 275, 276 (S.D.N.Y.1942); Keller-Dorian Colorfilm Corp. v. Eastman Kodak Co., 9 F.R.D. 432, 433 (S.D.N.Y.1949); Edwin H. Morris & Co. v. Warner Bros. Pictures, 10 F.R.D. 236, 238 (S.D.N.Y.1950); Caldwell-Clements, Inc. v. McGraw-Hill Pub. Co., Inc., 11 F.R.D. 156, 157 (S.D.N.Y. 1951); Zweifler v. Sleco-Laces, Inc., 11 F.R.D. 202, 204 (S.D.N.Y.1950); Morrison Export Co. v. Goldstone, 12 F.R.D. 258, 260 (S.D.N.Y.1952); Caribbean Const. Corp. v. Kennedy Van Saun Mfg. & Eng. Corp., 13 F.R.D. 124, 125 (S.D. N.Y.1952); Sanib Corporation v. United Fruit Co., 19 F.R.D. 9 (S.D.N.Y.1955); Park & Tilford Distillers Corp. v. Distillers Co., 19 F.R.D. 169, 171 (S.D.N.Y. 1956); Brause v. Travelers Fire Insurance Co., 19 F.R.D. 231, 234 (S.D.N.Y. 1956); Comercio E Industria Continental, S. A. v. Dresser Industries, Inc., 19 F.R.D. 265, 266 (S.D.N.Y.1956); International Commodities Corp. v. International Ore & Fertilizer Corp., 30 F.R.D. 58, 62 (S.D.N.Y.1961); Prodear, S. A. v. Robin International Cinerama Corp., 32 F.R.D. 434 (S.D.N.Y.1963); Wright, *Discovery*, D.C., 35 F.R.D. 39, 66–67.

2. One of the claims involved in this action was part of a United States Senate Sub-Committee investigation of the use of industrial espionage. Plaintiff in the *Moore* case states by counsel's affidavit that on March 23, 1966 a Senate Sub-Committee held hearings involving industrial espionage in plaintiff's premises. The affidavit further states that one of the individual defendants, John J. Saviano, who is also president of one of the corporate defendants, was interrogated by the Sub-Committee and refused to answer a number of questions "which are most relevant and material to the instant action". Plaintiff in the *Moore* case claims it is reasonably to be expected that similar attempts to withhold information from plaintiff will be made here.

3. If defendants are able to conduct pretrial discovery prior to plaintiff, they will thus be aided in any attempt to withhold information and will, in fact, be able to obtain specific information as to where they can most safely attempt to withhold relevant and material facts which are involved in this action.

Defendants do not concur with the views of plaintiffs' counsel as to special circumstances and reply that there were valid reasons for defendant Saviano's refusal to answer certain questions before the Senate Committee.

Plaintiffs did not serve any notice of taking defendants' depositions prior to their December 22, 1966 motions. After their complaints were filed, and prior to the expiration of 20 days thereafter, plaintiffs, either with or without notice, could have sought an order from this Court allowing them to take the depositions of some of the defendants as is now sought. After 20 days had expired from the commencement of the action, plaintiffs, without leave of court, could have served a deposition notice on some of the defendants. Rule 26(a) Fed.R. Civ.P. It is doubtful that these cases present a situation, such as defendants leaving the jurisdiction, as would have justified the issuance of an order permitting plaintiffs to serve deposition notices prior to the expiration of 20 days.[2]

It seems clear, also, that plaintiffs were not diligent when they failed to serve a notice of taking depositions on the 21st day after commencement of the action.

On the other hand, it is also clear that the priority issue does not turn on plaintiffs' lack of diligence alone but upon a determination whether there are special circumstances in this case which, in the interest of fairness and justice, dictate that some priority be given to plaintiffs.

■ Some of defendants' notices were served prior to the expiration of a period of 20 days after commencement of the action as permitted by Rule 26(a), Fed.R.Civ.P., whereas plaintiffs could not serve such a notice prior to the expiration of 20 days from the filing of their complaints without leave of court. This restriction on the service of a deposition notice by a plaintiff was the result of an amendment to Rule 26(a) in 1946. Prior to the amendment, leave of court was required by both parties to take a deposition after jurisdiction had been acquired over a defendant but before answer. After answer, leave of court was not required by either party. The purpose of the limitation on plaintiffs by the amendment to the Rule 26(a) in 1946 was to protect a defendant who has not had opportunity to secure counsel and inform himself as to the nature of the suit. The Advisory Committee on the Amendment felt that a plaintiff needed no such protection. Thus the purpose of the amendment was

2. See, Babolia v. Local 456, Teamsters & Chauffeurs Union, 11 F.R.D. 423 (S.D. N.Y.1951); Caldwell-Clements, Inc. v. McGraw Hill Pub. Co., 11 F.R.D. 156, 158 (S.D.N.Y.1951); See, Caribbean Const.

Corp. v. Kennedy Van Saun Mfg. & Eng. Corp., 13 F.R.D. 124 (S.D.N.Y.1952); See, Park & Tilford Distillers Corp. v. Distillers Co., 19 F.R.D. 169, 171 (S.D. N.Y.1956).

not to give an automatic priority to a defendant.[3]

■ The rule has been firmly established by prior decisions of this Court, cited supra ftn 1, that priority is to be given to the party serving the first notice, unless there are special circumstances in a case which warrant a departure from the rule.

■ In addition to claiming there are no special circumstances here, defendants claim they must take depositions of plaintiffs first because plaintiffs' complaints do not disclose the details of their claim but contain only vague and conclusory language. The complaints do not give any details but, as plaintiffs point out, no such details can be given until plaintiffs have had an opportunity to examine at least five or six of the defendants as requested.[4] The conspiracy alleged in the complaint appears to be nationwide. Perhaps a goodly portion of the largest drug businesses in the United States are alleged to be involved and have been made defendants. In short, plaintiffs have taken unto themselves one of the most formidable burdens of proof imaginable. If plaintiffs have a case, fairness and justice require that they be given a reasonable opportunity to first state their claim and to prove it if they can. The Federal Rules of Civil Procedure have been and are being liberalized and applied constantly with the purpose to give a plaintiff the chance to have his case determined upon the facts as they really are and not be precluded because of some technical or strict application of a rule of procedure.[5]

■ In this case the court concludes that partial priority of discovery by plaintiffs is justified for the following reasons:

1) This is not a simple, uncomplicated civil action involving the usual two parties. The large number of corporations made defendants (32) and the vastness of the conspiracy alleged require that plaintiffs have a reasonable opportunity to more precisely state their claim and marshal some of their proof.

2) It appears that if plaintiffs are granted the partial priority of discovery requested there may follow a motion for leave to amend the complaints or a mo-

---

3. Edwin H. Morris & Co. Inc. v. Warner Bros. Pictures, Inc., 10 F.R.D. 236 (S.D. N.Y.1950); Keller-Dorian Colorfilm Corp. v. Eastman Kodak Co., 9 F.R.D. 432 (S.D.N.Y.1949).

4. In International Commodities Corporation v. International Ore & Fertilizer Corporation, 30 F.R.D. 58, 62 (S.D.N.Y. 1961) this Court in a similar private antitrust case said: "After examining the papers and hearing somewhat extensive argument, the court, fails to see any substantial reason for a full fledged examination of plaintiff by defendants at this time. The plaintiff will be asked, among other things, the bases of its claims and at this time its answers must perforce be fragmentary. Neither have defendants shown any substantial reasons why they would be prejudiced by a partial delay in their proceeding."
In Park & Tilford Distillers Corp. v. The Distillers Company, 19 F.R.D. 169, 171 (S.D.N.Y.1956) a similar private antitrust case, this Court ruled: "Another factor which weighs in favor of granting priority to the plaintiff is the fact that much of the proof which plaintiff will require in order to establish its case must come from the defendants themselves. It does not appear that any of the defendants will be prejudiced by permitting the plaintiff to examine them first with respect to activities and conduct peculiarly within their own knowledge."
In Hillside Amusement Co. v. Warner Bros. Pictures, 2 F.R.D. 275, 276 (S.D. N.Y.1942), still another private anti-trust action, this Court ruled: "It is argued by defendants that plaintiff cannot rely in this action on a showing of wrongs to others than itself, but must establish specific acts of the alleged conspirators directed toward and resulting in injury to it. This, together with the fact that plaintiff must necessarily seek to establish many of its allegations by proof from the defendants themselves, constrain me to grant so much of the plaintiff's motion as seeks to postpone the taking of its testimony by the defendants until after its examination of the defendants."

5. Wright, *Discovery*, D.C., 35 F.R.D. 39.

tion to drop or add parties which might reduce the unusual number of defendants who desire to take the depositions of the two plaintiffs to learn their alleged connection with the alleged conspiracy and might change the whole course of defendants' contemplated examination.

3) The dimensions of this case and probable scope of the trial should be determined at an early date for the benefit of counsel on both sides and the court. The best available tool for achieving the stated determination as early as possible is to permit the taking of oral testimony of some of these defendants by the party whose burden it is to prove the case.

4) The only reasons advanced by defendants for pressing their claim to priority is that the complaint states only vague, conclusory facts. Plaintiffs cannot enlighten defendants any more than the complaints now do because plaintiffs claim that much of the detail sought must come from defendants themselves.

This Court does not find that any of the defendants have or will wrongfully withhold information from plaintiffs. The plaintiffs have failed to convince the court that there is merit to their contentions in this regard on these motions.