**Jim L. STORY, Plaintiff,**

**v.**

**QUARTERBACK SPORTS FEDERATION, INC., a Minnesota corporation, and James H. Sorenson, William D. Brown, Joe Francis, Mel R. Johnson, Jay B. Peterson and Robert R. Gavic, Defendants.**

**No. 4–68 Civ. 407.**

United States District Court
D. Minnesota,
Fourth Division.

March 19, 1969.

Dorsey, Marquart, Windhorst, West & Halladay, by James T. Halverson, Minneapolis, Minn., for plaintiff.

Oppenheimer, Hodgson, Brown, Wolff & Leach, by Richard H. Murray, St. Paul, Minn., for defendants.

## ORDER DETERMINING PRIORITY OF DISCOVERY

NEVILLE, District Judge.

The above case came before the court on March 12, 1969, at Minneapolis, Minnesota, on defendants' motion to stay the plaintiff's taking of the duly noticed depositions of the various defendants. Defendants claim a priority so as to be permitted first to take plaintiff's deposition. There is no dispute over the propriety of the taking of any of the depositions, merely over priority.

Defendants admit that plaintiff has duly noticed the taking of their depositions as required by Rule 30(a) of the Fed.R.Civ.Proc. and that defendants' have not at this point given any written notice of the taking of plaintiff's deposition. Defendants claim their priority to stem from an oral request by their counsel by telephone on January 27, 1969 to plaintiff's counsel. Defendants' counsel asserts that at that time, which was prior to the service of plaintiff's notices, he was given permission orally to proceed with plaintiff's deposition and reached an understanding that the only condition was that plaintiff would have the opportunity to take defendants' depositions prior to any motions to the court that defendants might desire to make. Plaintiff's counsel denies that he conceded any priority. The moving papers contain copies of an exchange of correspondence subsequent to the telephone conversation. Counsel obviously had a misunderstanding. Defendants' counsel does not contend that "there was any explicit agreement concerning the necessity of the waiving of notice of deposition, or the order of taking depositions. It is our position however that in the telephone conversation * * * there was an implicit understanding * * *." Letter to the court 3/14/69. Defendants contend that this oral notice or approval by telephone is the legal equivalent of written notice and is therefore sufficient to give them priority in taking depositions since it came before plaintiff's written notices.

Rule 30(a) of the Federal Rules of Civil Procedure provides in part as follows:

"(a) Notice of Examination: Time and Place. A party desiring to take the deposition of any person upon oral examination shall give reasonable notice *in writing* to every other party to the action. * * *" [Emphasis added]

■ Although experienced trial counsel commendably sometimes arrange and stipulate between themselves for the taking of depositions without the service of any written notice, against objection the court deems itself bound to follow Rule 30(a) and thus to hold that absent a notice in writing from defendants, there is and has been no notice. Such is true at least for the purposes of determining priority.

■ Neither party disputes the general rule that the party first to give notice has discovery priority unless there are special circumstances which augur to the contrary. Boxer v. Smith, Kline & French Laboratories, 43 F.R.D. 25 (S.D. N.Y.1967); Buren v. Schein, 24 F.R.D. 504 (E.D.N.Y.1960); 2A Barron and Holtzoff, Federal Practice and Procedure, § 643.1 (1961); 4 Moore, Federal Practice, § 26.13.

Defendants cite only one case, and the court can find no others to support the proposition that informal oral telephone notice is sufficient to establish priority. The court does not believe that the case of Warning Lites Co. v. Leggitt, 32 F.R.D. 431 (W.D.Tex.1963) is controlling here since in that case Judge Spears grounds his decision on the generally accepted practice in his district of using informal notice in lieu of formal notice. No such established practice has been

434

shown to be so commonly used in this district as to overcome against objection the provision of Rule 30(a) requiring written notice. Since defendants have given no written notice to date, the court need not decide whether the nature of the case at bar brings it within certain exceptions said to exist to the general rules for determining priority. Persuasive here, however, is the case of Park & Tilford Distillers Corp. v. Distillers Corp., 19 F.R.D. 169 (S.D.N.Y.1956). There, as here, jurisdiction was likely to be attacked and much of the proof which plaintiff required to establish its case had to come from the defendants themselves. The court there granted plaintiff a priority notwithstanding the fact that defendants had first served notice, albeit a defective one.

The court's ruling is not intended to deprive defendants of the right to take plaintiff's deposition within a reasonable but brief time after plaintiff has finished his depositions of each of the defendants. Nor does this ruling contemplate, assuming cooperative defendants, adjournments from time to time merely for the purpose of preventing the taking of plaintiff's deposition. Plaintiff's counsel in his letter of February 3, 1969 claims a right to "complete all of my discovery before you are allowed to take the deposition of" plaintiff. The court's order does not encompass such a broad concept, and priority is given only as to the prompt taking in good faith of oral depositions of the defendants. Meantime, defendants' time to answer or otherwise move against or plead to the complaint herein shall be deemed extended for a period of 30 days following the taking by defendants of plaintiff's deposition.

On the basis of the above and subject to the conditions and restrictions hereinabove set out and upon all of the files, records, briefs and proceedings herein,

It is ordered That defendants' motion to stay the taking of defendants' depositions be and the same hereby is denied.