**MIDLAND INVESTMENT COMPANY, F. C. Hixon, Frank P. Hixon, George C. Hixon, Barry C. Phelps, Charles M. Dykema, individually, Charles M. Dykema, as Trustee of the Susan M. Dykema Trust dated October 1, 1959, Frank E. Dykema and Christopher J. Lavick, Jr., Plaintiffs,**

v.

**VAN ALSTYNE, NOEL & CO., a partnership, David Van Alstyne, Jr., James A. Russell, Melvin Solomon, William J. Butler, Jr., and Dominick A. Fitzpatrick, Defendants.**

No. 69–Civ. 1925.

United States District Court,
S. D. New York.

Jan. 8, 1970.

Kissam & Halpin, New York City, by Arnold I. Shure, Chicago, Ill., for plaintiffs; Hamilton Smith, Stephen C. Sandels, Chicago, Ill., of counsel.

Simpson, Thacher & Bartlett, New York City, for defendants, by Stephen P. Duggan, James J. Hagan, Daniel R. Solin, New York City, of counsel.

## MEMORANDUM

CROAKE, District Judge.

The above-entitled matter is a consolidation of four separate actions which were pending in this Court to recover money damages under § 10(b) of the Securities Exchange Act of 1934 and Rule 10(b) (5) of the Rules of the Securities and Exchange Commission. The complaint alleges that plaintiffs sold their shares of common stock in the Spiral Metal Company to defendants, who possessed material inside information as to the affairs of that company at the time of the sales.

The four *"Midland Investment"* actions were consolidated into the present action on September 4, 1969, by Judge Edward C. McLean of this Court, following a motion made by defendants. Three additional separate derivative actions against the same defendants and others were consolidated into a single action entitled Lewis v. Spiral Metal Company, Inc., et al. (68–Civ.4510) by the same order of Judge McLean.

The above order, entered on October 1, 1969, contained the following provision with respect to discovery in the present case:

"ORDERED that in the event the plaintiffs in the above two consolidated actions seek to take the deposition of the same defendant or defendants in both cases such depositions shall be conducted by plaintiffs in the two consolidated actions successively on the same day."

Notice to take the depositions of all plaintiffs in this action was served by defendants on September 15, 1969. Discussions between the parties failed to result in an agreement with respect to the scheduling of persons to be deposed and to date none of the plaintiffs have been produced for examination. Almost two months later, on November 7, 1969, plaintiffs served a notice to take the depositions of all defendants during the month of December. Plaintiffs argue that pursuant to Rule 4 of the Civil Rules of this Court, defendants are not entitled to a priority and that the depositions in this case should be conducted on a concurrent basis.

The present motion brought on by defendant pursuant to Rule 30(b) of the Federal Rules of Civil Procedure seeks an order (1) directing that each of the plaintiffs be produced for oral depositions pursuant to defendants' notice to take depositions dated September 15, 1969; and (2) vacating plaintiffs' notice to take depositions dated November 7, 1969, or, in the alternative, that defendants be permitted to complete their examination of all plaintiffs before the examination of all defendants is allowed to begin. Therefore, the issue in these motions is which party will have priority of examination.

Although not specified in the Rules, it is well established that priority goes to the party first serving a notice of examination, unless there are special circumstances which warrant a departure from the normal order of priority. Boxer v. Smith, Kline & French Laboratories, 43 F.R.D. 25 (S.D.N.Y. 1967); Prodear, S.A. v. Robin International Cinerama Corp., 32 F.R.D. 434 (S.D.N.Y. 1963); International Commodities Corp. v. International Ore & Fertilizer Corp., 30 F.R.D. 58, 62 (S.D.N.Y. 1961).

In the present case it is conceded that defendants served the first notice of ex-

amination. As a result, decision as to priority here depends upon whether plaintiffs have met their burden of showing special circumstances or compelling reasons why the normal order of priority should not be followed.

Plaintiffs contend that the normal order of priority should not be followed on the grounds that this case is complex, involves many parties and that "to allow any more time to pass while defendants depose the plaintiffs at their leisure * * * can [only] contribute to a further dimming of the memories of key people who have alleged to have planned and perpetuated the fraud [in the present case]."

▬ The Court is not persuaded that the above constitutes sufficient "special circumstances" to warrant a deviation from the normal order of priority. First, it is clear that the necessity for a prompt examination does not necessarily affect the question of priority. Prodear, S. A. v. Robin International Cinerama Corp., *supra* 32 F.R.D. at 435. Moreover, under the original schedule of examination proposed by defendants, all plaintiffs would have been deposed by October 31, 1969, which is a week before plaintiffs even served their notice to take the depositions of the defendants. In a case such as the present where plaintiffs refused to comply with defendants' schedule for depositions, thereby delaying the discovery proceedings, plaintiffs cannot now contend that they will be prejudiced as a result of any further delay in the discovery proceedings. The Court likewise finds plaintiffs' other "special circumstances" for deviating from the normal rule of priority to be no more appealing.

It should be further noted that one of the purposes of Judge McLean's order of October 1, 1969 was to avoid the repetition and waste of time which would result from the switching back and forth between plaintiffs and defendants during the course of discovery proceedings for the two previously-mentioned consolidated actions. This Court is of the view that the discovery proceedings in this case should proceed in direct conformity with Judge McLean's order of October 1, 1969. This will be best accomplished, *without any evidence of prejudice to plaintiffs*, by allowing defendants their priority by reason of being first to serve their notice of deposition.

Accordingly, defendants' motion pursuant to Rule 30(b) seeking an order directing that examination of all plaintiffs be held in the Southern District of New York and that defendants be permitted to complete their examination of all plaintiffs before the examination of all defendants is granted.

So ordered.