The CONNECTICUT MUTUAL LIFE
INSURANCE COMPANY,
Plaintiff,

v.

Paul V. SHIELDS et al., Defendants.

HOME LIFE INSURANCE COM-
PANY, Plaintiff,

v.

Paul V. SHIELDS et al., Defendants.

EASTERN LIFE INSURANCE COM-
PANY OF NEW YORK, Plaintiff,

v.

Paul V. SHIELDS et al., Defendants.

United States District Court
S. D. New York.
June 7, 1954.

Davis, Polk, Wardwell, Sunderland & Kienall, New York City, for Connecticut Mutual Life Ins. Co., Home Life Ins. Co. and Eastern Life Ins. Co. of New York.

Cahill, Gordon, Reindel & Ohl, New York City, for defendant Shields & Co.

Begley, Diamond & Begley, Schenectady, N. Y., for defendants Parsons, Brinckerhoff, Hall & MacDonald.

Walters & Donovan, New York City, for defendants Robert E. Schweser Co. and Leonard L. Laurence.

EDELSTEIN, District Judge.

A motion and cross-motion relating to discovery proceedings grow out of three separate actions, not consolidated, brought by different plaintiffs against, in each case, four groups of defendants. The actions seek a recission of purchases made by the plaintiffs of revenue bonds of the Bellevue Bridge Commission (Nebraska) on the ground of material misrepresentations. The defendant Parsons, Brinckerhoff, Hall & MacDonald has moved to postpone the examination of itself noticed by the plaintiffs until the examinations, presently being conducted by the defendant Shields upon the

plaintiff Connecticut Mutual Life Insurance Company and to be conducted upon another plaintiff Home Life Insurance Company, shall be completed; and Parsons further moves to vacate a subpoena duces tecum served in connection with the notice for its examination. Notices of examination have been served by the defendant Shields on all three of the plaintiffs, gaining for it uncontested priority in the taking of depositions, but the plaintiffs served a notice upon the defendant Parsons while that defendant did not serve any notice upon the plaintiffs. The defendant Shields supports the Parsons motion insofar as it seeks suspension of the deposition of the defendant Parsons pending completion of the depositions of Connecticut Mutual by Shields. The plaintiffs cross-move to compel Parsons' examination in accordance with their notice, and further cross-move for production under Rule 34, Fed. Rules Civ.Proc. 28 U.S.C.A. or in accordance with the subpoena duces tecum served with the notice of examination.

■■ It is the general rule that the court will grant priority to whichever party serves his notice for deposition first, and the plaintiffs have gained first service upon the defendant Parsons. But the rule of priority is not an inflexible one and the circumstances here presented justify some departure. While the three cases are separate and unconsolidated, they arise out of substantially the same, if not the identical facts, and they comprise an integrated controversy. On Shields' examination of plaintiffs, all parties to the case received notice under Rule 30(a) and under Rule 26(d) any party may use the depositions taken. Thus, for all practical purposes the defendant Parsons may avail itself of the examinations noticed by the co-defendant Shields. The plaintiffs express concern that an application of this principle may serve to frustrate their discovery by indefinite postponement until after the completion of all of Shields' noticed examinations. However, no showing of prejudice has been made. Indeed, it is asserted that plaintiffs cannot properly prepare for the examination of Parsons without access to certain documentary materials which they have moved to produce. But the decision granting the postponement of Parsons' examination will be without prejudice to a modification of the order should the postponement occasion undue delay to the prejudice of the plaintiffs.

The delay to which the plaintiffs do ascribe prejudicial effect is in the production of the documents they seek, and which they must have in order to prepare not only for the Parsons examination but for other depositions to be taken in the Middle West. There is no issue of the relevancy of these materials and good cause has been shown. They are unquestionably entitled to production under Rule 34, and the temporary unavailability of a member of the defendant Parsons' firm who is asserted to be the only one familiar with the documents can be no bar to their production. The materials as described alternatively under either (a) or (b) of the plaintiffs' motion will be produced, at the defendant's option.

Settle an order accordingly.