**SANIB CORPORATION, Plaintiff,**

v.

**UNITED FRUIT COMPANY,
Defendant.**

United States District Court
S. D. New York.

Dec. 28, 1955.

See also D.C., 135 F.Supp. 764.

Edward Nathan, New York City, for plaintiff.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for defendant.

SUGARMAN, District Judge.

The defendant's motion, insofar as it seeks an order directing that plaintiff's examination of the movant be postponed until completion of the taking of the deposition of plaintiff pursuant to defendant's notice, is granted.

No special circumstances are shown by the plaintiff which persuade the court that the usual rule of priority should not be observed, i. e., the party who first serves a notice is entitled to an examination of his adversary before being himself examined.[1]

The movant has shown that plaintiff will not be prejudiced by any delay in the examination of the defendant through Samuel Zemurray by medical proof that this director and managing agent is incapacitated.

The argument that defendant merely seeks an unreasonable delay in the prosecution of the action is without merit. The plaintiff has remedies if it can show that defendant is not proceeding with reasonable promptness.[2]

No consideration has been given to movant's argument that it "may be entitled to a stay of all proceedings" herein by reason of the pendency of a government antitrust action against it. If

---

1. 4 Moore's Fed.Prac., 2d Ed., para. 26.13.

2. Connecticut Mut. Life Ins. Co. v. Shields, D.C.S.D.N.Y., 16 F.R.D. 395.

it wishes a determination of that issue, let it bring on an appropriate motion.

Settle an order fixing the time and place for the taking of the deposition of plaintiff upon oral examination, after defendant serves and files its answer herein, if not already done, and for defendant's examination by plaintiff to commence thereafter.

### On Plaintiff's Cross-Motion.

The defendant United Fruit Company on October 4, 1955 at 2:15 p. m. served on plaintiff's attorney its notice of examination of plaintiff to commence on October 18, 1955. At 4:45 p. m. of the same day, the plaintiff served on defendant's attorneys its notice of examination of defendant to commence on October 14, 1955 at 10:00 a. m. On October 14, 1955, the defendant filed a motion (No. 65 on the November 29th calendar) for an order vacating plaintiff's said notice or in the alternative, directing that plaintiff's examination of defendant be postponed until completion of defendant's examination of plaintiff pursuant to defendant's first served notice of October 4, 1955 as aforesaid. The defendant's said motion was served on plaintiff's attorney on October 13, 1955 at 4:34 p. m.

Plaintiff now cross-moves (No. 67 on the November 29th calendar) under F. R.Civ.P. 37(d) and 30(b), 28 U.S.C.A., for an order (a) "that in lieu of taking judgment by default against the defendant for its wilful failure to attend before the officer designated to take its deposition pursuant to proper notice served upon it by the plaintiff that the plaintiff take the deposition of the defendant as specified in the plaintiff's notice dated October 4th, 1955 at the time and place to be specified in the order to be entered herein and and [sic] that the defendant be stayed from taking the deposition of the plaintiff until the completion of the defendant's deposition" and (b) "[t]hat

the defendant pay to the plaintiff's attorney such sum as the Court may direct for the inconvenience caused plaintiff's attorney in attending at the time fixed for the defendant's deposition".

The first branch of the motion is in effect merely a repetition of plaintiff's opposition to companion motion No. 65 fortified only by the contention that plaintiff's position is justified by F.R. Civ.P. 37(d). This contention is disposed of by the decision of the second branch of this motion.

■ Sanctions are imposed on a defaulting party for failure to appear for an examination when his conduct is *wilful*. The defendant did not wilfully fail to appear for examination pursuant to plaintiff's notice, in the sense that wilfully is used in the rule.[3]

The defendant acted in good faith and its belief that it was entitled to examine plaintiff before it was examined was justified, as is evidenced by the decision of companion *motion No. 65* wherein defendant's right to priority of examination was preserved.

The better practice for a party in the situation in which defendant found itself is to procure a stay of the noticed examination pending a determination of the motion for relief under F.R.Civ.P. 30(b). However, plaintiff is in no position to complain of defendant's default inasmuch as it appears that plaintiff is in a like default for failure to appear on October 18, 1955 as demanded by defendant's notice of examination. That examination was scheduled for 10:00 a. m. The order to show cause staying same is dated October 18, 1955 and file marked 3:50 p. m. on that day (on an affidavit by plaintiff's attorney sworn to October 18, 1955) and was undoubtedly signed later than 10:00 a. m. on that day.

Accordingly, plaintiff's motion is in all respects denied except that defendant's

---

**3.** 4 Moore's Fed.Prac., para, 37.04.

examination of plaintiff shall not commence until after defendant has served and filed its answer herein if not already done.

It is so ordered.