READING–SINRAM–STREAT COALS, Inc., Plaintiff,

v.

METROPOLITAN PETROLEUM CORPORATION, Defendant.

READING–STREAT OIL CO., Inc., Plaintiff,

v.

METROPOLITAN PETROLEUM CORPORATION, Defendant.

BLUE RIDGE FUEL COMPANY, Inc., Plaintiff,

v.

METROPOLITAN PETROLEUM CORPORATION, Defendant.

United States District Court
S. D. New York.
Feb. 4, 1958.

manded. Sanib Corp. v. United Fruit Co., D.C.S.D.N.Y.1955, 19 F.R.D. 9. No special circumstances are shown in this case which would warrant a deviation from this general concept. In fact, as a general rule, it would be preferable that the defendant be afforded first right to take the deposition of the plaintiff. Under the present federal rules a plaintiff may serve a vague and general complaint and the defendant should have an opportunity early in the proceedings to find out the real basis upon which the plaintiff is proceeding, which can only be done by the deposition and discovery procedure, since bills of particulars are seldom, if ever, granted in the federal courts. The motions to give the plaintiffs the right to take the depositions of the defendant, before plaintiffs will be required to submit to the taking of their depositions by the defendant, are denied.

Henry W. Steingarten, New York City, for plaintiffs.

Donovan, Leisure, Newton & Irvine, New York City, Breck P. McAllister, New York City, T. David Mullen, New York City, of counsel, for defendant.

DAWSON, District Judge.

These are three actions in which the respective plaintiffs seek recovery under the Clayton Act, as amended by the Robinson-Patman Act, 15 U.S.C.A. § 13, for damages alleged to have been sustained by reason of certain alleged discriminatory pricing practices of the defendant in the sale of fuel oil.

■ The defendant has served notices of the taking of the depositions of the respective plaintiffs. After this notice was served the plaintiffs served notice for the taking of the deposition of the defendant. The rule is well established that priority of depositions is accorded in the order in which they are de-

■■ Plaintiffs have also moved to quash the subpoena duces tecum issued against the respective plaintiffs on the grounds that the documents sought to be produced are irrelevant and that their production is sought for the purpose of harassing the plaintiffs. Under the present court rules a party may take the deposition of another party either for the purpose of discovery, or for use as evidence, or for both purposes, and it is provided that it is not grounds for objection that the testimony will be inadmissible at the trial if the testimony sought appears "reasonably calculated to lead to discovery of admissible evidence." Rule 26, Fed.R.Civ.P., 28 U.S.C.A. The items sought in the subpoena duces tecum may, in an action of this nature, be reasonably calculated to lead to the discovery of admissible evidence. The moving papers do not establish that the subpoena was served for the purpose of harassing the plaintiffs. The motion to quash the subpoena is denied. So ordered.