**PRODEAR, S. A., Plaintiff,**

v.

**ROBIN INTERNATIONAL CINERAMA. CORPORATION, Robin International, Inc., and Cinerama, Inc., Defendants.**

United States District Court
S. D. New York.
April 11, 1963.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for plaintiff. Walter S. Beck, Theodore H. Friedman, New York City, of counsel.

Paul Weiss, Rifkind, Wharton & Garrison, New York City, for defendants. Paul J. Newlon, John Lyon, William J. Doyle, New York City, of counsel.

WYATT, District Judge.

The motion by plaintiff is under Fed. R.Civ.P. 30(b) to vacate a notice served by defendants that on March 18, 1963 they would take the deposition of plaintiff by Robert Haggiag, its principal executive officer. Plaintiff also asks for authority to take the deposition of defendants by Nikolas Reisini (apparently the principal executive officer of defendants), for production of documents at such deposition, and for the deposition of Haggiag to be taken thereafter.

A motion is made by defendant, said to be under Civil Rule 4 of this Court, to direct plaintiff by Haggiag to appear for examination in accordance with the notice served and deferring any examination of defendants by Reisini until completion of the Haggiag deposition.

The issue is: which side shall have priority of examination.

Plaintiff filed its complaint February 21, 1963. The summons was given to the Marshal on March 1 and served, with the complaint, on defendants the same day.

Defendants appeared on March 7 and the same day served the notice for the Haggiag deposition on March 18.

Plaintiff served its motion papers on March 15; Haggiag left the country before March 18 and did not appear for examination that day.

■ Although not specified in the Rules, it is well settled that priority goes to the party first serving a notice of examination, absent compelling reasons to the contrary. Here defendant served the first notice (apparently plaintiff has not actually served a notice of examination but has moved for the relief) and it has been suggested that, apart from priority of notice, defendant should generally be given the first examination. Reading-Sinram-Streat Coals v. Metropolitan Petroleum Corp., 21 F.R.D. 333 (S.D.N.Y.1958).

■ Decision as to priority here turns, therefore, on whether plaintiff

has met its burden of showing special circumstances or compelling reasons why the normal order of priority should not be followed. The Court feels that this burden has not been met.

Plaintiff contends that it needs an examination of defendants "immediately and promptly" in order to secure admissions and other evidence to support an urgent motion for a preliminary injunction. In support of this contention, plaintiff outlines the merits of its cause of action.

The Court is able to follow the contentions of plaintiff as to its cause of action and accepts as true the statements of an intention and desire by plaintiff to apply for a preliminary injunction.

But the necessity for a prompt examination of defendants does not necessarily affect the question of priority. Even if plaintiff were given priority, defendants would doubtless be entitled to an examination of plaintiff in order to oppose a motion for a preliminary injunction.

It was plaintiff who commenced the action and chose the forum; it is not unjust that he should first state the facts on which his action is based. As against plaintiff's present prayer for speed, it must also be considered (a) that there was a delay by plaintiff in giving the summons to the Marshal from February 21 to March 1; (b) that plaintiff did not apply under Fed.R.Civ.P. 26(a) for leave to examine defendants, see Keller-Dorian, Colorfilm Corp. v. Eastman Kodak Co., 9 F.R.D. 432 (S.D.N.Y.1949); and (c) that the notice of examination was served by defendants on March 7 but plaintiff made no motion until March 15.

In any event, the faster plaintiff is able to produce Mr. Haggiag for examination, the faster can plaintiff examine defendants and move for a preliminary injunction.

Motion by plaintiff is denied except that the deposition of defendants by Nikolas Reisini is directed to commence immediately upon the completion of the deposition of plaintiff by Robert Haggiag, or after such interval as may be agreed between the parties. This denial is without prejudice to the service by plaintiff of a notice of examination at any such time of defendants by Nikolas Reisini, to the application by plaintiff to the Clerk for issuance of a subpoena duces tecum under Fed.R.Civ.P. 45(d), or to a motion by plaintiff under Fed.R.Civ.P. 34 for discovery and production of documents, etc.

Motion by defendants is granted to the extent of directing that plaintiff by Robert Haggiag, appear for examination in accordance with the notice of examination served by defendants at such time as may be agreed between the parties, failing which agreement the time will be fixed by the Court in the order to be entered hereon.

Settle order.