Jean STURDEVANT, Plaintiff,

v.

SEARS, ROEBUCK & COMPANY, Defendant.

Civ. A. No. 14199–4.

United States District Court
W. D. Missouri, W. D.
April 19, 1963.

Charles D. Ferm, Kansas City, Mo., for plaintiff.

Lathrop, Righter, Gordon & Parker, by Sam D. Parker and Daniel M. Dibble, Kansas City, Mo., for defendant.

BECKER, District Judge.

This cause is before the Court on defendant's application for additional time to object to or answer plaintiff's interrogatories. The application is based on two grounds.

The first ground for the application for extension of time is that defendant initiated proceedings to secure plaintiff's deposition on oral interrogatories before the plaintiff's interrogatories to the defendant were propounded by service and filing. In this connection defendant states:

"The rule prevailing in Federal District Courts has, for many years,

been that the party first initiating discovery proceedings is entitled to have such proceedings completed before being required to answer discovery inquiries submitted by the adverse party. In this connection see Brause vs. Travelers Fire Ins. Co., D.C., S.D., N.Y., 19 F.R.D. 231 (1956) where it is stated that the general rule is that deposition examinations and discovery procedures should proceed in the order in which they are demanded. For other cases with substantially identical holdings see Reading-Sinram-Streat Coals Inc. vs. Metropolitan Petroleum Corp., D.C., S.D., N.Y., 21 F.R.D. 333 (1958); E. I. Dupont DeNemours & Co. vs. Phillips Petroleum Co., D.C., Delaware, 23 F.R.D. 237 (1959) and Haymes vs. Columbia Pictures Corp., D.C., S.D., N.Y., 16 F.R.D. 118 (1954).

"If defendant is compelled to answer these interrogatories or object to them within the time allowed by the applicable rule, then such answers or objections will have to be filed prior to the taking of plaintiff's deposition on April 26. To compel defendant to file its answers or objections prior to that time would be in direct contravention of the rule set forth in the above cases."

■ Only in unusual cases should the priority rule be enforced to permit one party to complete all discovery before the other party may commence discovery proceedings.

In 2A Barron & Holtzoff, Federal Practice and Procedure § 643.1, pp. 42–49; 4 Moore, Federal Practice ¶ 26.13 [2], [3], pp. 1149–1154; and in Developments in the Law—Discovery, 74 Harv. L.Rev. 940, 954–58 (1961), the rigid, broad priority rule is discussed and its inequities pointed out.

■ If this were a case of conflict or inconvenience arising from concurrent notices to take depositions on oral interrogatories, the priority rule would be

followed unless special reasons for other action appeared. This is not such a case.

 To hold in this simple damage suit that the defendant, who has an advantage under Rule 26 in initiating discovery by depositions on oral or written interrogatories, should be permitted to complete all discovery before answering written interrogatories propounded by the plaintiff under Rule 33, would frustrate the purpose of the Rules of Civil Procedure. The race of diligence to secure priority in discovery has been characterized as "the most easily discernible abuse" of discovery. Advisory Committee on Rules for Civil Procedure Note of 1955 to Subdivision (a) of Rule 30 of the Federal Rules of Civil Procedure. 4 Moore, Federal Practice ¶ 30.01[7] (Supp.1962 at p. 54).

The better view is that the priority principle should not be applied in ordinary simple damage suits except in instances of actual conflict. It is implicit in the Rules that they should operate without intervention by the Court in ordinary cases. With a reasonable degree of cooperation between counsel as officers of the Court, no conflicts should develop in an ordinary action. Civil Rule 4, United States District Court for the Southern and Eastern Districts of New York (1962), expressly declares this salutary principle in the following language:

> "From and after the fortieth day after commencement of an action, unless otherwise ordered by the court for good cause shown, neither the service of a notice to take the deposition upon oral examination of party or witness, nor the pendency of any such deposition, shall prevent another party, adverse or otherwise, from noticing or taking the deposition upon oral examination of party or witness concurrently with the taking of such deposition noticed or commenced earlier.

> "It shall be the duty of all attorneys to make every reasonable effort to stipulate as to the exact places, dates and times for the commencement and resumption of the taking of all such concurrent depositions. In the event that attorneys are unable to so stipulate, any party may apply to the court for an order fixing the same and other terms and conditions to govern such depositions, as well as for any other order or relief relating thereto."

See also Stephens v. Sioux City and New Orleans Barge Lines, Inc. (W.D. Mo.), 30 F.R.D. 397, l. c. 398.

The second ground for the application for extension of time is as follows:

> " * * * the interrogatories themselves are quite lengthy and call for considerable detailed information, much of which is not available locally. In order to answer the interrogatories, the additional time requested will be necessary for defendant's attorneys to communicate with representatives of their client who are located outside of the Kansas City area."

 In this connection the file in this case shows that on April 6, 1963, the plaintiff served 22 interrogatories on the plaintiff. Since the time to object to these interrogatories has expired,[1] no objections may now be filed without special leave, which will not be granted since no reason appears why additional time was needed to object to the form or substance of the interrogatories.

There remains the application for an extension of time to answer the interrogatories.

Apparently the real reason that defendant wishes to defer answer is to prevent plaintiff from learning prior to the taking of her deposition, *inter alia*, whether or not the defendant has obtained a statement from her.

1. The filing of the application for an extension of time does not stay the running of the time, nor extend the time, for the filing of objections.

On January 10, 1963, defendant served upon plaintiff's attorney a notice, pursuant to Rule 30 of the Federal Rules of Civil Procedure, to take plaintiff's deposition on oral interrogatories on January 15, 1963. Upon receiving such notice plaintiff's attorney advised the defendant's attorney that he would be unavailable on the date selected. It was then agreed that the defendant's attorney would withdraw said notice with the understanding that plaintiff's attorney would confer with the plaintiff to determine a suitable date for the deposition and inform the defendant's attorney thereof. On January 24, 1963, defendant's attorney, having received no further communication from the plaintiff's attorney, caused a second notice to be served upon plaintiff's attorney to take plaintiff's deposition on February 11, 1963. The plaintiff's attorney immediately advised the defendant's attorney that the plaintiff was in Miami, Florida, and would not return to Kansas City, Missouri, until June, 1963, and that therefore he could not produce the plaintiff for the taking of her deposition until that time. On defendant's motion to compel the plaintiff to appear for the taking of her deposition on oral interrogatories, the Court ordered that counsel for the respective parties agree on a date in April, 1963, for the taking of plaintiff's deposition in Kansas City, Missouri. April 26, 1963, has been agreed upon as the time for the taking of said deposition.

Because of the delay occasioned by plaintiff's failure to respond to the two notices, the defendant has been delayed 3 months and 11 days in securing the plaintiff's deposition. Under the circumstances the plaintiff should not be rewarded with prompt answers to her written interrogatories. Under ordinary circumstances the interrogatories should be answered in the time fixed by the Rules. Therefore it is

Ordered that defendant be, and it is hereby, denied an extension of time to object to the interrogatories propounded by the plaintiff. It is further

Ordered that defendant be, and it is hereby, granted leave to answer plaintiff's interrogatories on or before April 27, 1963.