UNITED STATES of America, Plaintiff,

v.

Martin BARTESCH, Defendant.

No. 86 C 2375.

United States District Court,
N.D. Illinois, E.D.

April 24, 1986.

See also, D.C., 643 F.Supp. 427.

Anton R. Valukas, U.S. Atty., by Linda A. Wawzenski, Asst. U.S. Atty., Chicago, Ill., Neal M. Sher, Michael Wolf, Michael S. Bernstein, Betty Shave, Joel Greenberg, Washington, D.C., for plaintiff.

George B. Collins, Collins & Uscian, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Before the Court are plaintiff's motion for an order scheduling discovery and defendant's motion for a protective order, pursuant to Fed.R.Civ.P. 26(c) and (d). For the reasons stated below, both motions are granted in part and denied in part.

### I. FACTS

Plaintiff United States government brought this denaturalization action against defendant Martin Bartesch seeking to revoke his citizenship pursuant to Section 340(a) of the Immigration and Nationality Act of 1952, 8 U.S.C. § 1451(a). On April 7, 1986, defendant was served with the complaint in this case. On April 14, 1986, defendant noticed the deposition of Charles L. Gittens, the Deputy Director (Operations) of the Office of Special Investigations for the Justice Department, for April 24, 1986. Attached to the notice of deposition is an extensive request for document production pursuant to Fed.R.Civ.P. 30(b)(5) and 34. On April 15, 1986, plaintiff noticed defendant's deposition for April 23, 1986.

Defendant seeks to stay his deposition, by way of a protective order, until he takes Gittens' deposition and receives a response to his document request. Plaintiff seeks an order compelling defendant to produce the documents requested by plaintiff and appear for his deposition prior to defendant's opportunity to conduct discovery. Plaintiff also seeks to quash the notice of Gittens' deposition.

## II. DISCUSSION

The main issue is whether the defendant is entitled to any discovery prior to plaintiff taking his deposition. Plaintiff argues that this discovery schedule is necessary in order to obtain defendant's present unrefreshed recollection concerning the critical matters in this case—his activities during World War II, his immigration to the United States, and his naturalization. The government asserts that it has only one opportunity to obtain defendant's recollection unrefreshed by prior statements and untutored by historical documents. The government contends that this opportunity will be lost if the defendant is allowed discovery prior to his deposition. Finally, the government concludes that this discovery schedule will not harm the defendant because he has no need of the documents requested—statements of third-party witnesses, historical documents, or previous court judgments—in order to tell his own life story.

Defendant counters that plaintiff seeks to abuse the exception to Fed.R.Civ.P. 30(a) by serving notice of his deposition one day after defendant noticed Gittens' deposition and by noticing defendant's deposition for the day prior to Gittens' deposition. Normally, plaintiff would have to wait 30 days after service of the complaint to notice defendant's deposition. However, an exception to this rule exists when a defendant has served notice of taking a deposition. Finally, defendant contends that priority in taking depositions goes to the party first serving notice of a deposition.

The 1970 Amendments to the Federal Rules of Civil Procedure established a new provision, entitled Rule 26(d), which concerns the sequence in which parties may proceed with discovery. The Advisory Committee Notes to the 1970 Amendments explain the effect of Rule 26(d):

> The principal effects of the new provision are first, to eliminate any fixed priority in the sequence of discovery, and second, to make clear and explicit the court's power to establish priority by an order issued in a particular case.

48 F.R.D. 487, 506 (1970). Therefore, it is clear that the priority rule, which confers priority on the party who first serves notice of taking a deposition, is abolished by Rule 26(d). However, Rule 26(d) grants courts wide discretion to fashion discovery schedules in individual cases. Advisory Committee Notes to the 1970 Amendments, 48 F.R.D. at 507 ("The court may upon motion and by order grant priority in a particular case.").

Since the priority rule has been abolished and replaced with the court's discretion in fashioning discovery schedules, the issue here becomes whether defendant's deposition may be taken prior to allowing him to conduct discovery, especially where he seeks to discover or have produced his own prior statements now in his opponent's possession.

Fed.R.Civ.P. 26(b)(3) provides for the production of a party's own statement prior to trial without a showing of good cause. The Advisory Committee Notes to the 1970 Amendments state that in "appropriate cases the court may order a party to be deposed before his statement is produced." 48 F.R.D. at 502–03. *See Smith v. China Merchants Steam Navigation Company,* 59 F.R.D. 178 (E.D.Pa.1972). The Committee cited as support for this procedure the decisions in *Smith v. Central Linen Service Co.,* 39 F.R.D. 15 (D.Md.1966) and *McCoy v. General Motors Corp.,* 33 F.R.D. 354 (W.D.Pa.1963).

*Smith* and *McCoy* followed the reasoning of Judge Palmieri in *Parla v. Matson Navigation Co.,* 28 F.R.D. 348 (S.D.N.Y. 1961). Judge Palmieri discussed the com-

peting interests in disclosure of a deponent's prior statement prior to his deposition:

> Particularly in the case of the statement given by a plaintiff to his adversary, there is always the danger that pre-trial inspection will afford an opportunity to tailor testimony in accordance with the prior explanation. On the other hand, where a statement is taken at or about the time of the accident, while the plaintiff is hospitalized, and long before institution of suit, there is the danger that defendant may have unfairly extracted damaging admissions.

28 F.R.D. at 349. Judge Palmieri went further to describe a balancing test:

> The core question, therefore, is one of timing. To protect the legitimate interests of both parties—defendant's interest in determining the extent of plaintiff's present unrefreshed recollection, and plaintiff's interest in examining post-accident disclosures prior to trial so that he may honestly explain any inaccuracies or errors in his present or past account of the accident....

28 F.R.D. at 349.

Finally, in reviewing the relevant case law, the Court finds no reported cases which deal with this issue in denaturalization cases. The cases which plaintiff cites in the denaturalization area contain no legal analysis or reasoning explaining the results in those cases.

■ Applying the *Parla* balancing test to the present case, the Court concludes that the defendant is entitled to the production, prior to his deposition, of his prior statements, documents sworn by him, and any document bearing his signature, as specified below, now in plaintiff's possession. In support of its conclusion, the Court finds that the government's interest in determining the extent of defendant's present unrefreshed recollection is lessened in a case such as this, where approximately forty (40) years have elapsed since the acts or incidents which the defendant must recall. It is entirely possible that defendant will have no detailed recollection of his activities during and immediately after World War II. On the other hand, defendant's interest in examining documents signed or sworn to 40 years ago so that he may honestly explain any inaccuracies or errors in his past or present account of the relevant incidents is great.

Therefore, since it finds that defendant's interest in disclosure of his prior statements outweighs the government's interest in determining the extent of his present unrefreshed recollection, the Court finds it appropriate to grant the following requests for production of documents attached to the notice of Gittens' deposition: Requests 14, 16, 17 and 18. In addition, Requests 6 and 8 are granted only as to documents signed by the defendant. Pursuant to the granting of these requests, plaintiff must produce these documents prior to taking defendant's deposition. All other requests are denied without prejudice to be raised later.

■ Finally, the Court grants plaintiff's motion to quash the notice of Gittens' deposition based upon the government's representation that Gittens has no personal knowledge concerning defendant's wartime activities, etc., and that Gittens executed his affidavit on the basis of documents in the possession of the Office of Special Investigations.

However, quashing Gittens' deposition at this time does not make the above-ordered document production premature under Fed. R.Civ.P. 34, which normally requires document production requests to be complied with in 30 days. Rule 34(b) also states that the court may allow a shorter or longer time. In light of the pendency of defendant's deposition, the Court orders that the production requests granted above may be complied with in a shorter period than 30 days after their service if the government seeks to depose the defendant within that time period.

### III. CONCLUSION

For the reasons stated above, defendant's motion for a protective order is grant-

ed in part and denied in part. Plaintiff is ordered to produce, prior to defendant's deposition, the document requests granted by the Court. All other requests are denied without prejudice to be raised later. Plaintiff's motion for an order scheduling discovery is granted in part and denied in part. Defendant's notice of Charles L. Gittens' deposition is quashed. The parties are reminded of the status hearing scheduled for May 5, 1986 at 9:30 a.m., at which time the Court intends to set a trial date and a discovery schedule.

IT IS SO ORDERED.