## OCCIDENTAL CHEMICAL CORPORATION,
### Plaintiff,

v.

## OHM REMEDIATION SERVICES,
### Defendant.

### No. 94–CV–959S.

United States District Court,
W.D. New York.

July 26, 1996.

Duke, Holzman, Yaeger & Photiadis L.L.P., for Plaintiff; James W. Gresens, Buffalo, New York, of Counsel.

Hodgson, Russ, Andrews, Woods & Goodyear, for Defendant; Robert J. Lane, Jr., Buffalo, New York, of Counsel.

## DECISION AND ORDER

FOSCHIO, United States Magistrate Judge.

This matter was orally referred to the undersigned by the Hon. William M. Skretny, United States District Judge, on July 25, 1996, for a determination of this discovery dispute.

On June 17, 1996, Defendant OHM Remediation Services ("OHM") issued a notice of deposition for Joseph Coveney, Plaintiff Occidental Chemical Corporation's ("Occidental") Project Engineer during the remediation project at issue in this case, along with two other Occidental employees. The notice originally scheduled Coveney's deposition for July 29, 1996; the deposition was adjourned to July 31, 1996 by agreement of the parties.

---

On July 19, 1996, OHM's counsel, Robert J. Lane, Jr., while discussing the Coveney deposition with Occidental's counsel, James W. Gresens, learned that Coveney had left Occidental's employ in June, 1996. According to Mr. Gresens, while the departure was initially amicable, on July 18, 1996, Coveney ended his communications with Occidental and would only speak with Occidental through his attorney. Thus, Mr. Gresens stated that he could no longer produce Coveney at his deposition as Coveney was no longer under Occidental's control, and that, contrary to initial beliefs, Coveney was no longer willing to voluntarily attend the deposition. Indeed, because of Coveney's assertion that he was no longer willing to meet with Occidental to prepare for his deposition, Mr. Gresens deemed Coveney to be a hostile witness, and subsequently, on July 22, 1996, subpoenaed Coveney to appear at the deposition scheduled for July 31, 1996.

At issue here is OHM's contention that it is entitled to take Coveney's deposition first because it noticed Coveney at a time prior to the issuance of the Occidental subpoena. Occidental argues, however, that it is entitled to take Coveney's deposition first, on July 31, 1996, because the deposition notice sent to Coveney by OHM, as an employee of Occidental, was no longer valid after Coveney left Occidental's employ, and Occidental's own subpoena was served on Coveney prior to OHM's serving of its own subpoena on Coveney. It is not disputed that Mr. Gresens knew of the change in Coveney's employment status prior to his disclosing the change to Mr. Lane. According to Mr. Lane, in a conversation with Mr. Gresens regarding the change in employment status, on July 19, 1996, Mr. Gresens assured Mr. Lane that he would subpoena Coveney so that Coveney would appear as scheduled at the deposition on July 31, 1996, never stating that he would seek to depose Coveney first as a hostile witness. This allegedly new position was first disclosed to Mr. Lane on July 20, 1996. Now, according to Occidental, as Occidental's subpoena was served on Coveney first, Occidental is entitled to question him first.

■ Previously, as asserted by Occidental, it was well settled that priority in depositions went to the party first serving a notice of examination, absent compelling reasons to the contrary. *Prodear, S.A. v. Robin International Cinerama Corporation*, 32 F.R.D. 434, 434 (S.D.N.Y.1963); *Comercio E Industria Continental, S.A. v. Dresser Industries, Inc.*, 19 F.R.D. 265, 266 (S.D.N.Y.1956). However, the priority rule, which conferred priority on the party who first served notice of taking a deposition, was abolished by Fed. R.Civ.P. 26(d) in 1970. *Monacello v. City of Philadelphia*, 1988 WL 28242 at *1 (E.D.Pa. 1988); *United States v. Bartesch*, 110 F.R.D. 128, 129 (N.D.Ill 1986). Under the federal rules, a discovery priority is not established based upon which party noticed a deposition first, but rather, Rule 26(d) authorizes the court to order the sequence of discovery upon motion. *Meisch v. Fifth Transoceanic Shipping Company Limited*, 1994 WL 582960 at *1 (S.D.N.Y.1994). An order regarding the sequence of discovery is at the discretion of the trial judge. *Cruden v. Bank of New York*, 957 F.2d 961, 972 (2d Cir.1992).

■ Reviewing the facts in this case, the court finds that OHM reasonably relied upon Occidental's representation that it would produce Coveney to be deposed by OHM on July 31, 1996. The fact that Coveney has since become a hostile witness to Occidental does not mandate that Occidental should be permitted to depose Coveney first on the ground that Coveney has been privy to conversations with counsel and in preparation for this lawsuit and is now refusing to cooperate with Occidental. It is clear that, upon OHM's discovery that Occidental would not be producing Coveney, and would, in fact, be issuing a subpoena for him for the same date and time as had previously been noticed by OHM, that counsel for OHM immediately issued its own subpoena pursuant to Fed. R.Civ.P. 45 for the same date as specified in OHM's notice of deposition.

Occidental's position would, if followed, mean that if during OHM's deposition as originally noticed, Coveney had only then revealed his change of attitude, Occidental would be allowed to adjourn OHM's deposition, and commence its own deposition ahead of OHM. Thus, the fact that Coveney had

become hostile in time for Occidental to issue its subpoena does not alter the fact that OHM had first scheduled his deposition as its own. Coveney's change of attitude toward Occidental is irrelevant.

As such, two valid subpoenas have been issued. The court finds that, as a matter of fairness, the depositions should be permitted to continue on the basis on which they were previously scheduled, with OHM being permitted to question Coveney first on July 31, 1996.

SO ORDERED.